## W. Harrison Hipp, William E. Hall and Charles A. Storey v. Sallie Muehleisen.

1. Corporations—*Liability of Persons Pretending to be Incorporated.*—Where persons use the name of a corporation for conducting a business and pretend to be a corporation without complying with the provisions of the act concerning corporations, they bring themselves within the provisions of Sec. 18, Chap. 32, R. S., entitled "Corporations," and are jointly and severally liable for all debts and liabilities made by them and contracted in the name of the pretended corporation.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed March 13, 1900.

Elisha Whittlesey, Jr., attorney for appellant Wm. E. Hall.

Louis Danziger, attorney for appellant Storey.

Joseph Pfirshing, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the court.

The declaration in this case, in addition to the common counts and two counts for use and occupation, consisted of four special counts, in each of which it is averred that the defendants on February 20, 1896, hired of the plaintiff certain premises in Chicago for five years from May 1, 1896, and promised to pay her for the use and occupation thereof $10,500 in monthly installments of $175; that they entered said premises May 1, 1896, and occupied the same until June 1, 1897, when $350 of said rent for April and May, 1897, became due plaintiff, and remains unpaid.

In addition to this, the first special count also avers that defendants were the directors and managers of a certain hospital known as the Willie Hipp Hospital and Training School for Nurses; that said premises were hired by them for the use of said hospital; and that they have not performed their said contract, in failing to pay said rent.

The second special count also avers that defendants were partners, carrying on said hospital, and as such they hired and occupied said premises.

The third special count (first additional count) also avers that defendants pretended to be officers, agents and directors of a certain pretended stock corporation, under the aforesaid name; that on behalf of said pretended corporation they entered upon and occupied said premises, and that no such corporation was ever in existence.

The fourth special count (second additional count) also avers that defendants represented to plaintiff that they would become incorporated under said name for the purpose of conducting a hospital; that said premises were rented by them for its use, and pretending to act for it they entered upon and occupied the same; that they never organized said intended corporation, and that it never existed, etc.

Pleas of general issue and of non-joint liability, verified, were interposed by the various defendants, represented by different attorneys.

The evidence shows, or tends to show, that a number of practicing physicians, including the appellants, Hipp, Hall and Storey, associated themselves together for the purpose of conducting a hospital, etc., under the name of "The Willie Hipp Hospital and Training School for Nurses," and intended to become incorporated by that name.

Negotiations with the appellee ensued, for the purpose of renting from her a building to be used as a hospital, with the result that a lease was entered into, of which the following is a copy, as shown by the abstract of record :

"Agreement dated February 20, 1896, between Sallie Muehleisen of the first part and the Willie Hipp Hospital and Training School for Nurses of the second part.

The first party leases to the second party the premises 1211 and 1213 Fifty-sixth street for five years, commencing May 1, 1896, ending May 1, 1901, at a rental of $10,500 for the full term, payable in monthly installments of $175 on the first day of each and every month during the term.

SALLIE MUEHLEISEN, (SEAL)
THE WILLIE HIPP HOSPITAL AND
TRAINING SCHOOL FOR NURSES, (SEAL)
By W. H. HIPP, President."

Of the organization, the three appellants, Hipp was president, Storey was vice-president and Hall was secretary.

The original plan to incorporate the organization under the laws of Illinois was never carried out, and no corporation, as such, ever existed. It was, however, represented to appellee that they intended to incorporate themselves.

Under the lease the association, spoken of sometimes in the bill of exceptions as " the body of physicians," moved into the building and conducted a hospital for thirteen months, or until the first of June, 1897, and the stipulated rent was paid by the treasurer of the association up to the first of April, 1897.

The suit was to recover rent for the last two months of such period of occupancy. The original number of physicians appears to have been twelve, several of whom " dropped out," however, before the lease was made. Dr. Hipp testified that at the time the lease was made, Doctors Hall, Storey, Eastman and himself, and possibly some others, were members of the association, and that he, Hipp, was president, Storey was vice-president, Hall was secretary and Abel was treasurer. There was also evidence of meetings of the so-called board of directors, at one of which Hipp was instructed to execute the lease.

Printed billheads were also used by the association after they were organized, of which one, admitted in evidence, was as follows:

" W. Harrison Hipp, M.D.,

Chas. A. Storey, M.D.,                    Wm. E. Hall, M.D.,
        V. Pres.                                    Secretary.
                                        Chicago, ———, 189—.

M———————————.

To the Willie Hipp Hospital and Training School
                        for Nurses,
                1211 and 1213 Fifty-sixth Street.        Dr.
J. F. Abel, M.D., Treasurer, 3800 Dearborn St.
                                        Telephone Yards 697."

A certified copy of a recorded bill of sale was also admitted in evidence, as follows :

" Know all men by these presents, that Wm. H. Hipp,

. Wm. E. Hall, Charles A. Storey and Thomas Sullivan, in consideration of $2,000 paid by Frederick Gald, do sell and deliver unto said Gald (here follows a large number of specified articles of furniture, and apparently hospital equipment), ` * * * ` provided that the said Frederick Gald shall sell said goods and chattels to the best possible advantage and, after paying the costs of sale, pay to himself the amount due to him from us for groceries, and out of the balance to pay the claims of Sharp & Smith, Henry Haur, Mr. Peterson, Sallie Muehleisen, Scott Bros., J. J. Hickey, John Dietz, *pro rata*, and render the surplus, if any, to us.

     *      *      *      *      *      *      *

In witness whereof, we, the said Wm. H. Hipp, Wm. E. Hall, Charles A. Storey and Thomas Sullivan have hereunto set our hands and seals this 25th day of May, in the year of our Lord eighteen hundred and ninety-seven.

WM. H. HIPP,    [SEAL]<br>
CHAS. A. STOREY,    [SEAL]<br>
W. E. HALL.    [SEAL]

T. J. Sullivan has nothing to do with the above goods, nor said bills and debts referred to.

THOMAS J. SULLIVAN."

At the conclusion of all the evidence, the Circuit Court instructed the jury to return a verdict in favor of the appellee for $350, which was the amount of two months' rent, and judgment was entered upon the verdict.

The third and fourth special counts of the declaration are based upon Section 18, Chapter 32, Rev. Stat., entitled " Corporations," which is as follows :

" If any person or persons, being, or pretending to be, an officer or agent, or board of directors, of any stock corporation or pretended stock corporation, `shall assume to exercise corporate powers, or use the name of any such `corporation, or pretended corporation, without complying with the provisions of this act, before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them and contracted in the name of such corporation, or pretended corporation."

It is plain from the evidence that the association used the name of the proposed corporation for the conducting of their business, or in other words pretended to be a corpora-

tion without complying with the provisions of the act concerning corporations, and thus brought themselves within the provisions of the quoted section of the act, and made themselves liable jointly and severally for the rent contracted to be paid.

The liability of Doctor Hipp does not seem to be questioned. Doctors Hall and Storey file separate briefs in this court and urge that they are not liable, either jointly or severally.

Their non-liability is urged upon numerous legal grounds, and also upon the circumstance that previous to the accruing of the rent sued for they had withdrawn their support from the hospital and had ceased to visit or take patients to it.

So far as the mere fact of their withdrawal from the workings of the hospital are concerned, we fail to see how their liability is thereby changed.

If their liability under the statute existed at the time the lease was executed and so long as they remained actively interested in the organization, their subsequent refusal to work longer with their associates would not release them from liability for the rent, so long, at least, as the building was occupied by their associates, or some of them. The suit is not to recover for future rent, but for rent accrued during the period of occupation by the association; in other words, the suit is for what is due under a contract executed upon both sides. The evidence shows beyond dispute that the association continued to occupy the premises under the lease during the full two months for which there was a recovery. There is no claim that either Doctor Hall or Doctor Storey did anything to disassociate themselves from the organization except to cease co-operation in its regular work.

They were both original parties to the organization, attended its meetings, visited the hospital, acted as its officers—one as vice-president and the other as secretary—and were recognized and held out to be such. We think they were clearly liable with Doctor Hipp, as charged in the declaration.

The statute provides for a joint and several liability by all or any of the persons designated as being subject to its provisions, and we think it was not error to dismiss the suit as to all persons except those who acted as officers of the corporation. A number of technical points are made which we will not take the time to discuss, but will merely say we discover no error in respect of them.

If it was technical error to admit in evidence the certified copy of the purported bill of sale there was enough evidence without it to amply justify the directed verdict, and clear justice having been attained by the verdict, the judgment will be affirmed.