American Laundry Machinery Co. v. Chamales, 202 Ill. App. 302.

## American Laundry Machinery Company, Plaintiff in Error, v. Thomas Chamales et al., trading as Rich Laundry Company, Defendants in Error.

### Gen. No. 21,529.

1. CORPORATIONS, § 305*—*when officers of pretended corporation liable on notes executed in its name.* In an action for a balance alleged to be due the plaintiff on the purchase price of a machine sold by it to one of three defendants, where the evidence showed that a license had been issued by the Secretary of State to the defendants authorizing the formation of a corporation, that the defendants had subscribed for all the stock, that at a meeting held by them as stockholders they had been elected directors and president, vice president and secretary of the corporation respectively, that the president had turned the machine over to the corporation, that a charter was issued to the corporation but not filed in the county recorder's office until after the execution of a chattel mortgage on the machine, securing notes covering the unpaid balance of the purchase price thereof, in the name of the corporation by its president and secretary, the plaintiff, a foreign corporation, having been licensed to do business ·in the State after the sale of the machine to one of the defendants but before the execution of the mortgage upon which the suit was based, *held* that a prima facie case of liability on such notes on the part of the defendants as pretended stockholders, officers and directors of a pretended corporation had been made out and that the trial court erred in directing a verdict for the defendants.

2. CORPORATIONS, § 314*—*what is nature of action against officers of pretended corporation on notes executed in ·its name.* In an action against pretended officers and directors of a pretended corporation to recover on notes executed by the defendants as officers of and in the name of the corporation, *held* not an action to recover a penalty so that the amount involved did not prevent the Municipal Court of Chicago from having jurisdiction.

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed December 27, 1916. Rehearing denied January 8, 1917.

JOHN S. HUMMER, for plaintiff in error.

WILLIAM R. BRAND, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The American Laundry Machinery Company, a corporation, plaintiff, brought suit against Thomas Chamales, Michael Rangis and Louis Hess, trading as Rich Laundry Company, defendants, to recover a balance of $4,757.12 claimed to be due the plaintiff from the defendants. The case was tried before the court and jury. At the close of plaintiff's evidence, the court instructed the jury to find the issues for the defendants. A verdict was returned accordingly and judgment entered thereon.

Plaintiff alleged in its statement of claim that there was a balance due on certain promissory notes bearing date October 7, 1911; that a chattel mortgage was given to secure the payment of the notes, the mortgage and notes being executed by the defendants under the name of the Rich Laundry Company; that the defendants purported to be stockholders acting as duly authorized officers and agents of the Rich Laundry Company, a corporation; that said laundry company had never completed its organization as a corporation, in that it failed to file its charter for record in the recorder's office in Cook county, where its principal place of business was located, as required by law, and that by reason of such failure the defendants were jointly and severally liable for all debts contracted in the name of such alleged corporation.

The defendant Rangis was not served and did not appear. Chamales and Hess in their affidavit of defense alleged that plaintiff's claim was satisfied in full by defendants' turning over to the plaintiff certain chattels and agreeing to pay certain insurance when it should thereafter be collected; that the plaintiff accepted and retained the chattels, and that the insurance had not been collected. They further alleged that on October 7, 1911, there was no corporation organized in Illinois by the name of Rich Laundry Company, but

that such laundry company received a charter on November 11, 1911, from the Secretary of State, and such charter was afterwards filed in the recorder's office in Cook county; that the defendants on October 30, 1911, subscribed for stock in the laundry company and afterwards disposed of it November 15, 1912. The affidavit further set up that plaintiff was a foreign corporation organized under the laws of Ohio, and was doing business in Illinois without having obtained a license as required by law.

Plaintiff's evidence tends to show that on August 24, 1911, it entered into a contract with the defendant Rangis for the sale of certain laundry machinery. The contract provided that certain payments be made in cash, the balance to be evidenced by certain notes secured by chattel mortgage on the machinery; that the title to the machinery should remain in the plaintiff, and that if a corporation was afterwards organized Rangis might transfer the machinery to it, such company to secure the deferred payments. The machinery was delivered to Rangis between August 24th and October 7th. September 15, 1911, a license was issued by the Secretary of State to Rangis and two other parties to open books of subscription to the capital stock of the "Rich Laundry Company." On October 7, 1911, the stock was all subscribed for by the defendants, Rangis subscribing for seventy-four shares; Chamales, seventy-five shares, and Hess one share, of the par value of $100 each. October 30th, a stockholders' meeting was held, at which defendants were elected directors, and immediately thereafter, at a meeting of the directors, Rangis was elected president, Chamales, vice president and treasurer, and Hess, secretary. The defendant Rangis turned over to the Rich Laundry Company at that time the laundry business which he had theretofore conducted, together with some horses and wagons. On November 11th, the Secretary of State issued a charter to the said laundry company,

but it was not filed for record in the recorder's office of Cook county, where the principal place of business of such laundry company was located, until April 24, 1913. November 4, 1911, the plaintiff, a foreign corporation, was licensed to do business in this State, and on November 22, 1911, the notes and chattel mortgage involved were executed in the name of the Rich Laundry Company by Rangis as president and Hess as secretary, the chattel mortgage acknowledged before the clerk of the Municipal Court, and the notes and mortgage delivered to the plaintiff. The chattel mortgage is not dated; the notes bear date October 7, 1911. The witness Adelman testified that the notes and mortgage were made out by the plaintiff at its office in Chicago, two, three or four weeks before they were signed; that he could not remember the exact date, but that the execution and delivery took place on the date the chattel mortgage was acknowledged before the clerk of the Municipal Court. This acknowledgment is dated November 22nd.

Any person or persons being or pretending to be stockholders, directors or officers of a corporation or a pretended corporation are jointly and severally liable for the debts contracted in the name of such corporation or pretended corporation where the certificate of incorporation has not been recorded in the county where its principal office is located. *Loverin v. McLaughlin,* 161 Ill. 417; and this, too, although some of them did not personally participate in the transaction. *O. S. Richardson Fueling Co. v. Seymour,* 235 Ill. 319. In the case last cited the court said (p. 322): "The appellants were original subscribers to the capital stock of the supposed corporation, and were stockholders, directors and officers thereof until after the transactions here in controversy. The evidence tends to show that the appellants lived in Manistee, Michigan, and that E. W. Seymour, another original subscriber, stockholder,

306 APPELLATE COURTS OF ILLINOIS.

American Laundry Machinery Co. v. Chamales, 202 Ill. App. 302.

director and officer of the company, was its manager, who had actual charge of the business of the steamer in Chicago, where the coal was furnished. It is argued that the debt to the appellee was made by the latter alone, and that the appellants did not participate therein in any way and had no connection therewith." The court held all liable as partners although some of them did not participate in the transaction. See also, *Loverin v. McLaughlin, supra; Gunderson v. Illinois Trust & Savings Bank*, 199 Ill. 422.

The evidence tends to show that the defendants, in the name of the Rich Laundry Company, became liable to the plaintiff on November 22, 1911, when the notes and chattel mortgage were executed and delivered, which was after the plaintiff was licensed to do business in this State. The plaintiff, therefore, made out a prima facie case, and it was error to instruct the jury to find for the defendants.

The defendants contend that the Municipal Court was without jurisdiction, as this was a suit "to recover a penalty, and not being a contract action, the amount is in excess of its jurisdiction." This contention is without merit. The suit was not brought to recover a penalty, but to recover a debt incurred by the defendants in the name of the Rich Laundry Company, an alleged corporation.

Plaintiff suggests that as the Rich Laundry Company did not secure its charter until November 11, 1911, it was not a *de facto* corporation until that date, and therefore the defendants could not become liable until that date, which was after the plaintiff was authorized to do business in this State. This is not the law. Section 18, ch. 32, Rev. St. (J. & A. ¶ 2435) provides: "If any person or persons being, or pretending to be, an officer or agent, or board of directors, of any stock corporation, or pretended stock corporation, shall assume to exercise corporate powers, * * * without complying with the provisions of this act,

\* \* \* shall·be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such corporation, or pretended corporation.'' (See also, *Hipp v. Muehleisen*, 88 Ill. App. 55.) [7]

The judgment of the·Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*