ELLIOTT A. TARBELL, Plaintiff in Error, *v.* AMOS PAGE *et al.,*
Defendants in Error.

### ERROR TO COOK.

A stockholder who becomes a member of a corporation organized under the act
to authorize the formation of corporations for manufacturing purposes, etc.,
approved February 10, 1849, is not liable as such, unless suit has been brought
against the corporation within one year from the time within which it became
due; and this fact should be averred in the declaration.

The necessity for such an averment is not changed because the company has become
insolvent.

The omission to file the certificate of organization with the Secretary of State,
does not fix the liability. That matter must be inquired into by the proper
process.

The dissolution of a corporation does not change the relation of the stockholders
to the creditors of the company.

THIS was an action commenced by Tarbell, against individuals,
members of the Crystal Lake Ice Company; averring that he
had been employed by such company as a superintendent, at a
salary of twelve hundred dollars per annum, and that after a
service of some months, the company refused or failed to furnish
him employment as he requested, and he brought his action for
a balance of salary due him. The counts in the declaration
were framed on the individual liability clause of the general
manufacturing law, of 1849.

The cause was submitted to the court, MANNIERE, Judge,
presiding, who found the issues for the defendants.

A motion for a new trial was denied.

T. L. KING, for Plaintiff in Error.

W. T. BURGESS, for Defendants in Error.

WALKER, J. The first error assigned in this case questions
the correctness of the decision of the court below, in sustaining
the defendants' demurrer to the last three counts of the decla-
ration. The 23rd section of the act of February 10, 1849,
(Sess. Laws, p. 92,) provides that no stockholder shall be person-
ally liable for the payment of any debt contracted by any com-
pany organized under that act, which is not paid within one
year from the time it becomes due, unless suit for its collection
be brought against the corporation within one year from the
time it becomes due. This section is general in its provisions,
and embraces all suits instituted against a stockholder; for the
recovery of the indebtedness of the company; and whether the
action is founded upon the tenth, the eighteenth, or the twenty-

second sections of the act, a recovery is not authorized, unless a suit shall be brought against the company within one year after the indebtedness has fallen due. And as this is a material fact, and essential to a recovery, it must be averred in the declaration, or it will be obnoxious to a demurrer. These counts contain no such averment, and are therefore insufficient, and the demurrer was properly sustained.

But it is urged that the company had become insolvent, and that a suit could not have been available against the company. The statute has given the remedy, and limited the terms upon which it may be maintained, and a party, to avail himself of its benefits, must be held to a compliance with its provisions. It has prescribed the condition upon which the creditor of the company may hold the shareholders individually liable, and he cannot substitute other or different conditions. If insolvency of the company gives a right to recover of the individual stockholders, the insolvency must be established by the institution of a suit. That mode is alone recognized or authorized by the statute. The insolvency of the company did not dispense with a suit instituted against them, within one year after the indebtedness became due, and the averment should have been made and proved, to authorize a recovery.

It is also urged, that the incorporation was dissolved by a decree of the Cook Circuit Court, and that, by that means, the individual members became liable to pay the debts contracted in the name of the company. If the decree of the court had the effect to dissolve and terminate the existence of the corporation, which we deem unnecessary to now determine, it could not have the effect of converting the stockholders into mere partners. The dissolution of a corporation does not change the relation of the stockholders to the creditors of the company. When it ceases to exist, the property and the assets of the corporation remain liable to discharge its debts, but to accomplish that purpose, a resort must be had to a court of chancery, as the fund is treated as trust property, for the benefit of all the creditors, and if insufficient, subject to a *pro rata* distribution. But we are aware of no decision which holds, on the dissolution of a corporation, that any of its members become liable for its debts beyond the value of its assets he may have in his possession. And we perceive no reason why the shareholders of a company, organized under this act, should be held liable beyond that imposed, by the act of the General Assembly, upon its dissolution. Whether a company has been dissolved or not, does not change the liability of the stockholders beyond that imposed by the statute.

It was urged that the defendants had failed to comply with

the law, by not filing the requisite certificate in the office of the Secretary of State, in compliance with the statute, and that they thereby failed to become incorporated, and were liable as partners. Whilst it may be true that a failure to file this certificate in the Secretary of State's office, may be such a non-compliance with the law as would authorize the People to sustain a writ of *quo warranto* or *scire facias*, and to oust the corporators from the exercise of their franchises, it does not necessarily follow that it is not as to third persons, a corporation. This court has held that the regularity of the organization of an incorporation cannot be questioned in a collateral proceeding. *Price* v. *The Rock Island and Alton Railroad*, 21 Ill. R. 93. This was *prima facie* an incorporated company, and was acting as such, and had at least taken some of the steps to become incorporated, and had entered upon the exercise of the franchises pertaining to such a body, and was treated as such by plaintiff when he made his contract with them, and he should not now be heard to say, that by reason of some informality in its organization, he will hold them liable in any other capacity. He no doubt looked to their liability as a corporation, with the right of ultimately looking to the liability of its individual members, in the mode prescribed by the statute, when he entered into his engagement to render the service, and to avail himself of the right to recover from the stockholders, he must pursue the requirement of the statute.

The plaintiff has not entitled himself to recover under the common counts, if for no other reason, because he has failed to prove that he instituted a suit against the company within one year after his action accrued. Having failed to comply with this prerequisite of the statute, he must fail to recover.

On this record, we perceive no error for which this judgment should be reversed, and it is therefore affirmed.

*Judgment affirmed.*