WILLIAM B. BUSHNELL

*v.*

THE CONSOLIDATED ICE MACHINE COMPANY *et al.*

*Filed at Ottawa May 13, 1891.*

1. CORPORATION—*neglect to record final certificate—bill by corporator to have members declared partners.* Where a corporator, upon the issue of the certificate of complete organization of his corporation, was elected its secretary and general agent, and acted as such for some months before he was disabled by sickness, and upon his recovery recognized the corporation, and sought to be restored to his former rights therein which had been lost, it was *held,* that he could not maintain a bill to have the members of the corporation declared partners, and required to account with him, on the ground of a failure to have the final certificate of incorporation recorded in the recorder's office.

2. SAME—*attempt to organize—corporation de facto.* Where there is an honest attempt of corporators to organize a corporation under the laws of this State, and all the necessary steps to perfect its organization have been taken except that the final certificate thereof is not recorded in the office of the recorder of deeds of the proper county, and the directors, upon the issue of such certificate, elected the necessary officers and proceeded to the transaction of business as a corporate body, these facts will establish a corporation *de facto.*

3. SAME—*de facto—can not be questioned collaterally.* It is a general rule, that one who deals with a corporation as existing *de facto,* is estopped to deny, as against it, that it has been legally organized. It is the settled rule in this State that the legal existence of a corporation *de facto* can not be. questioned collaterally.

4. SAME—*partners organizing—failure to comply with law—liability.* Where partners attempting to organize a corporation fail to comply with the law so as to create the corporation, they may be held liable as partners to creditors. This liability rests on estoppel. When, however, even a creditor has dealt with the corporation as such, a partnership liability can not be enforced, though the corporation has not been legally organized.

5. SAME—*stockholder estopped to deny liability.* A stockholder in a private corporation will, in a court of equity, be estopped from raising the question that a part of his subscription was not made in good faith, for the purpose of having the members and officers declared to hold the relation of partners as between themselves.

6. SAME—*duration—who may complain.* In case of a question of the duration of a private corporation, the license, and not the preliminary agreement of the corporators, will control. But the State alone can complain of the exercise of the corporate franchise beyond the period for which the corporation was organized.

7. PARTNERSHIP—*how created—liability as partners.* Parties may so conduct themselves as to be liable to third persons as partners, when, in fact, no partnership exists as between themselves. The public are authorized to judge from appearances and professions, and are not absolutely bound to know the real facts.

5. A partnership is never created between parties by implication or operation of law, apart from an express or implied intention and agreement to constitute the relation. This rule, however, will not prevent the enforcement of liability against persons as partners, when sued by third persons.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

Mr. F. P. READ, for the plaintiff in error:

The recording of the final certificate of organization is essential to the legal existence of a corporation under the statute. Rev. Stat. chap. 32, sec. 4; *Gent* v. *Insurance Co.* 107 Ill. 652; *Ricker* v. *Larkin,* 27 Ill. App. 625; *Cresswell* v. *Oberly,* 17 Bradw. 281; *Gregory* v. *Bigelow,* 73 Ill. 197; *Reed* v. *Railroad Co.* 50 Ind. 342; *McIntire* v. *Ditching Association,* 40 id. 104; *Nelson* v. *Blakeley,* 47 id. 38; *Childs* v. *Smith,* 7 Wend. 45; *Jessup* v. *Carnegie,* 44 N. Y. 260; *Fuller* v. *Rome,* 57 id. 23; *Field & Co.* v. *Coops,* 16 La. Ann. 153; *Heinig* v. *Manufacturing Co.* 81 Ky. 300; *Cleggs* v. *Grange Co.* 61 Iowa, 121; *Hunt* v. *Salisbury,* 55 Mo. 310; *Martin* v. *Fewell,* 79 id. 401; *Richardson* v. *Pitts,* 71 id. 128; *Mining Co.* v. *Woodbury,* 14 Cal. 424; *Harris* v. *McGregor,* 29 id. 124; *Abbott* v. *Smelting Co.* 4 Neb. 416; *Johnson* v. *Corser,* 34 Minn. 355; *Insurance Co.* v. *Crain,* 43 N. H. 636; *Garnett* v. *Richardson,* 35 Ark. 144; *Slocum* v. *Gas Pipe Co.* 10 R. I. 112; *Horse Shoe Works* v. *Lewis,* 1 Abb. 518.

As to the liability of corporators as partners, see *Bigelow* v. *Gregory,* 73 Ill. 197; *Garnett* v. *Richardson,* 35 Ark. 144; *Hunt* v. *Salisbury,* 55 Mo. 310; *Richardson* v. *Pitts,* 71 id. 128; *Hess* v. *Werts,* 4 S. & R. 356; *Abbott* v. *Smelting Co.* 4 Neb. 416; *Kaiser* v. *Savings Bank,* 56 Iowa, 104; *Field & Co.* v. v. *Coops,* 16 La. Ann. 153; *Jessup* v. *Carnegie,* 14 N. Y. Sup. Ct. 260; *Johnson* v. *Corser,* 34 Minn. 355; *Clegg* v. *Grange Co.* 61 Iowa, 121; *Hill* v. *Beach,* 1 Beas. 131; *Ash* v. *Guil,* 97 Pa. St. 403.

Messrs. TATHAM & WEBSTER, for the defendants in error:

Where there is a general law authorizing the formation of corporations, and an attempt in good faith to comply with the law, and also a user of the franchise purporting to be granted, it has been universally held that there is a corporation *de facto.* *Hudson* v. *Green Hill Seminary,* 113 Ill. 618; *Baker* v. *Backus,* 32 id. 79; *Mendota* v. *Thompson,* 20 id. 197; *Railway Co.* v.

*Shires*, 108 id. 617; *Railroad Co.* v. *Railway Co.* 75 id. 113; *Land Co.* v. *Aldrich*, 86 id. 504.

The charter fixes the duration of the corporation. 1 Morawetz on Corp. sec. 283, note 5; *Baker* v. *Backus*, 32 Ill. 79.

Complainant having been himself most active in the organization of the company, subscribed for its stock, acted as its secretary and soliciting agent, contracted with it and in its behalf, thus recognizing it as a fully organized and legally existing corporation, and it being in a sense the creature of his own making, he is precluded, by the plainest principles of equity, to now deny that defendant company is a legally organized corporation, and to claim any greater rights than in his capacity as a stockholder. *Ramsey* v. *Insurance Co.* 55 Ill. 311; *Stone* v. *Oil Co.* 41 id. 85; *Palmer* v. *Lawrence*, 3 Sandf. 161; *Washburn* v. *Roesch*, 13 Bradw. 268.

In the case of associates in a corporation *de facto*, and those who have dealings with it, there is a mutual estoppel, which prevents the former from denying and the latter from disputing the incorporation. Thompson on Liability of Stockholders, sec. 120, and cases cited; 1 Morawetz on Corp. sec. 156, and cases cited; *Raisbeck* v. *Oesterreicher*, 4 Abbott's New Cas. 447, note; *Bank* v. *Alison*, L. R. 6 C. P. 222; Cook on Stock, Stockholders and Corp. Law, secs. 184, 185, and notes.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a proceeding in chancery, by plaintiff in error, against defendants in error, begun in the circuit court of Cook county on the 27th day of October, A. D. 1889, the object of which was to have the Consolidated Ice Machine Company declared a co-partnership, and its affairs settled between the complainant and defendants accordingly. In the circuit court a general demurrer was sustained to the bill, and a decree entered dismissing the same at complainant's costs. From that decree this writ of error is prosecuted.

The following facts affirmatively appear from the bill: Early in September, in 1884, complainant and the defendants, Skinkle, Rassieur and Koenigsberg, together with one Edmund Jungefeld, since deceased, entered into an agreement, in writing, to form a corporation to be known as the "Consolidated Ice Machine Company," under the laws of this State; that all the required steps up to and including the issuing of a certificate of the complete organization of such corporation by the Secretary of State, as required by section 4, chapter 32, of the Revised Statutes, were taken; that in pursuance of that certificate, complainant, with said Skinkle, Rassieur and Jungefeld, claiming to be the directors of said company, elected officers for the same, "and immediately engaged in business." It also appears from the bill, that said company continued to do business under said name to the filing of this bill, a period of more than five years. Also, that for several months complainant continued to be the secretary and soliciting agent for the same, and was actively engaged in its business; that about January 1, 1885, he became afflicted with *melancholia*, and remained incapacitated for the transaction of business for about three years; that during his said sickness the other directors of said company sold certain shares of his stock in said company for a failure on his part to pay installments due thereon, the sale being made without notice, etc., and that since said sale he has been excluded from all participation in the management of said business; that after being restored to health, and before filing his bill, he made frequent demands to be restored to his rights in said corporation, without avail, etc. Facts are then alleged which go to the basis of a settlement between the parties upon the theory that they are liable to each other as partners. (In our view of the case these facts are unimportant. *so tell*)

is also insisted in the argument, that the bill shows that by the terms of the agreement to organize said company the same was only to exist for a period of five years, which had

expired when the bill was filed. The license under which the organization was made is attached to the bill as an exhibit, and it states that its duration shall be twenty-five years. If it were important to determine the lifetime of the company, we have no doubt that this license, and not the preliminary agreement of the parties, would control. This, however, is not a question of importance in this proceeding. For the mere exercise of its franchise beyond the period for which it was organized, the State alone could complain.

It is also contended that certain subscriptions to the capital stock made by complainant are shown by the bill not to be subscriptions made in good faith, and that the directors having assumed corporate powers before all the stock was subscribed for in good faith, became personally liable for all debts and liabilities of the company, under section 18, chapter 32, of the Revised Statutes. We think it clear that complainant is in no position to raise that question in a court of equity for the purpose of having the company declared a co-partnership.

The only allegation of the bill which is seriously insisted upon as furnishing a ground for the relief prayed is, "that the certificate of complete organization was never recorded in the office of the recorder of deeds for Cook county, where its principal office is located," the argument being, that in order to constitute the defendant company a corporation under the laws of this State that certificate must have been so recorded, and failing to become incorporated, its members are to be treated as partners. The section of the statute upon which the first proposition is based is as follows: "The Secretary of State shall thereupon issue a certificate of the complete organization of the corporation, making part thereof a copy of all papers filed in his office in and about the organization of the corporation, and duly authenticated under his hand and seal of State, and the same shall be recorded in a book for that purpose in the office of the recorder of deeds of the county where the principal office of such company is located. Upon the recording

of said copy the corporation shall be deemed fully organized, and may proceed to business. Unless such company shall be organized, and shall proceed to business, as provided in this act, within two years after the date of such license, then such license shall be deemed revoked and all proceedings thereunder void." The language of this section is not clear. While it says the *certificate* shall be recorded, it does not say who shall cause it to be done. It does not say the recording of the *certificate* shall be necessary to the complete organization of a corporation, but "upon the recording of the *said copy* the corporation shall be deemed fully organized, and may proceed to business." Conceding, however, by the word "copy" is meant "certificate," incorporators would have done all that is required of them when they had filed it with the proper officer for record. There is no allegation in this bill that it was not so filed. The averment is simply that it has "never been recorded," etc.

But assuming that a corporate existence *de jure* depends upon the filing of the certificate of complete organization in the office of the recorder of deeds of the county in which its principal office is located, and that the bill properly avers that it was not done in the case of the corporation in question, it by no means follows that it did not become a corporation *de facto* as between the complainant and defendants. From the facts set up in the bill it clearly appears that there was an honest attempt by the incorporators to organize a corporation authorized by the laws of this State. The necessary steps to perfect that organization were all taken as required by the statute, except that the final certificate was not recorded. It is shown by the bill that upon the issuing of that certificate its directors elected the proper officers and proceeded to the transaction of business as a corporation, and continued to act as such until the filing of this bill, a period of more than five years. That these facts establish a corporation *de facto* is settled by numerous decisions of this court. *President and Trustees, etc.* v. *Thompson,* 20 Ill. 198; *Rice* v. *R. I. and A.*

*R. R. Co.* 21 id. 93; *Baker et al.* v. *Administrator*, 32 id. 79; *Ramsey* v. *Marine and Fire Ins. Co.* 55 id. 311; *Cincinnati, Lafayette and Chicago Railroad Co.* v. *Danville and Vincennes Ry. Co.* 75 id. 113; *Louisville, New Albany and Chicago Ry. Co.* v. *Shires*, 108 id. 617; *Hudson* v. *Green Hill Seminary Corporation,* 113 id. 618.

That plaintiff in error, if he had been sued by the Consolidated Ice Machine Company on his subscription to its capital stock, could not have questioned its corporate existence on the grounds alleged in his bill, is directly settled by several of the above cited decisions. It is equally clear that if, during the time he was a member of said corporation, it had been sued as such, neither he nor any other of its members could have been heard to say that no such corporation existed. The general rule is, that one who deals with a corporation as existing *de facto,* is estopped to deny, as against it, that it has been legally organized. It is the settled rule in this State that the legal existence of a corporation *de facto* can not be questioned collaterally. See cases *supra,* and *Renwick et al.* v. *Hall et al.* 84 Ill. 162; *The People ex rel.* v. *Trustees of Schools,* 111 id. 171; *Keigwin et al.* v. *Drainage Comrs.* 115 id. 347.

It seems impossible to find a reason for placing the complainant in this bill in a more favorable position to deny the existence of the corporation in question than a mere subscriber to its capital stock, or one who, as a third party, had dealt with it as a corporation, and we are of the opinion that he could not do so in this collateral proceeding. He, however, not only seeks to question the legal organization of the corporation, but to have the same changed into a co-partnership between himself and the other incorporators, and to compel the defendants to account to him as his co-partners. "A partnership is never created between parties by implication or operation of law, apart from an express or implied intention and agreement to constitute the relation." (1 Bates on Law of Partnership, sec. 3.) In *Phillips* v. *Phillips,* 49 Ill.

437, CATON, C. J., said: "A partnership can only exist in pursuance of an express or implied agreement, to which the minds of the parties have assented." This rule will not prevent the enforcement of liability against persons as partners, when sued by third parties. "Parties may so conduct themselves as to be liable to third persons as partners, when in fact no partnership exists as between themselves. The public are authorized to judge from appearances and professions, and are not absolutely bound to know the real facts, while the certain proof is positively known to the alleged parties to a firm." (*Phillips* v. *Phillips, supra.*) On this latter ground parties who have attempted to organize a corporation, but have failed to comply with the law, so as to perfect their incorporation, may be held liable as partners to creditors, as in *Bigelow* v. *Gregory et al.* 73 Ill. 197. This liability rests on the doctrine of estoppel. When, however, even a creditor has dealt with the corporation as such, partnership liability can not be enforced, even though the corporation has not been legally organized. *Tarbell* v. *Page*, 24 Ill. 46.

It is wholly unnecessary, however, in this case, to determine when and under what circumstances third parties may proceed against incorporators acting under a defective or imperfect organization, as individuals or co-partners. In this case the complainant shows by his bill that he was not only one of the incorporators of the company he now seeks to question, but that he was, upon its complete organization, elected its secretary and general agent, and acted as such for several months prior to his alleged disability, during which time he was actively engaged in assisting to carry on its corporate business, and that upon his being restored to health he still recognized its corporate existence, and sought to be restored to his rights therein. If the recording of the certificate in question was essential to the organization of the corporation, there is nothing in this bill to show that it was not as much his duty to have it done as either of the other incorporators.

We are unable to perceive, then, upon what principle he can now compel those who, for anything appearing in this bill, honestly supposed they were incorporated during all the time the business mentioned in the bill was being carried on, to account to him, upon the theory that they were his co-partners. In fact, if the allegation as to his mental condition at the time his stock was sold was omitted from the bill, it would strike any one as too clear for argument that he has failed to state a case entitling him to equitable relief, and it must, we think, be held, that whether that fact, together with the allegation that his stock was sold without notice and he ousted from all participation in the business of the company, would entitle him to his action for that alleged wrong, or to be restored to his former rights as a member of said corporation or not, no legal ground is shown by this bill for holding defendants liable to him as partners.

There is nothing in the case of *Flagg* v. *Stowe,* 85 Ill. 166, when the facts of that case are considered as they appear in that report, and in *Stowe* v. *Flagg et al.* 72 Ill. 397, contrary to the view here expressed. ' We have examined the numerous cases cited by counsel for plaintiff in error as giving support to the position that a corporation defectively organized may be treated as a co-partnership, and the members held liable as partners; but when it is borne in mind that complainant himself was a member of the corporation in question, and in no sense a third party, and that he is not seeking by this bill to recover for anything which he has been required to pay third parties for or on behalf of said corporation, they have no application. What he seeks to do is to have the corporation converted into a partnership, contrary to the contract of the parties, simply because he and other incorporators failed to perfect, as he says, the corporation. He does not even show that he has been misled or in any way injured by the failure to have the certificate of complete organization recorded. Neither does he pretend that the omission of any of

the incorporators to have the same recorded was willful, or in any way designed to injure him or others.

We can find neither authority nor reason to sustain this bill, and are clearly of the opinion that the decree of the circuit court is right.

*Decree affirmed.*