WILLIAM D. KENT *et al.*

*v.*

GEORGE M. CLARK & CO.

*Opinion filed October 16, 1899.*

CORPORATIONS—*persons assuming to act as directors before stock is subscribed are liable for debts contracted.*   Persons who assume to act as directors of a corporation, and exercise corporate powers and contract debts in its name, before all stock named in the articles of incorporation has been subscribed for *in good faith,* are personally liable, under section 18 of the Corporation act, (Rev. Stat. 1874, p. 289,) for the debts so contracted.

*Clark* v. *Kent,* 80 Ill. App. 128, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This action was begun by appellee, against appellants, the directors of the Dubuque Building Company, an Illinois corporation, now insolvent, to recover for merchandise sold to the corporation. The suit was brought under section 18 of the Corporation act, to hold appellants, as directors, personally liable, jointly and severally, because they assumed to act as directors of the corporation and contracted debts in the name of the corporation, and otherwise exercised corporate powers, before all the capital stock named in its articles of incorporation had been subscribed in good faith.

The Dubuque Building Company was organized on August 10, 1894. On that date the articles of incorporation were recorded in the office of the recorder of deeds of Cook county. From these articles of incorporation it appears that John S. Brown, Walter H. Browne and James E. Dement signed the usual preliminary statement that they desired to form a corporation, to be known as the Dubuque Building Company; that its object was to operate an apartment building in Chicago; its capital stock $100,000; the number of shares 1000; the amount of each share $100; its duration ninety-nine years; its principal office in Chicago. It further appears by the report of two of said commissioners, Walter H. Browne and James E. Dement, that they opened books of subscription and that the stock was fully subscribed. The following is a true copy of such subscription:

"We, the undersigned, hereby severally subscribe for the number of shares set opposite our respective names, to the capital stock of Dubuque Building Company, and we severally agree to pay the said company for each share the sum of $100, in such manner and at such time or times as the board of directors may determine:

| Names. | Shares. | Amount. |
| --- | --- | --- |
| E. J. Price | 1 | $100 |
| Walter H. Browne | 995 | 99,500 |
| Frederick P. Austin | 2 | 200 |
| John S. Brown | 1 | 100 |
| Fred W. Hatch | 1 | 100 " |

It further appears from said report that the commissioners convened a meeting of said subscribers by notice pursuant to law; that said subscribers met and elected as directors E. J. Price, Walter H. Browne, John S. Brown, Frederick P. Austin and Harry B. Gutches. This report of the two commissioners, Walter H. Browne and James E. Dement, is sworn to. They make oath that "the foregoing report by them subscribed is true in substance and in fact."

Immediately after filing the articles of incorporation the company proceeded in the work of erecting an apartment building, known as the Dubuque Apartment Building, in Chicago. It continued in business until December 23, 1895, when it made a voluntary assignment for the benefit of creditors to John S. Brown, assignee. A part of its indebtedness was a claim of $660 of George M. Clark & Co., appellee, for gas ranges and labor furnished the building under written contract made in April, 1895. At the time this contract was made the appellants, William D. Kent, Samuel A. Treat, Thomas S. Dobbins and John R. True, were the managers or directors of the company and had been for some time prior thereto, and continued to be up to the time of the assignment, in December, 1895. William D. Kent was the president, Samuel A. Treat the secretary and John R. True the treasurer of the company.

On the trial the following stipulation was entered into in open court: "That on or about April 17, 1895, George M. Clark & Co. made a written contract with the Dubuque Building Company for the furnishing of gas ranges for the Dubuque building; that the ranges, under said contract, were actually furnished and went into the building, and that at the time of the assignment, December 23, 1895, there remained due from the Dubuque company, for goods furnished under said contract, the sum of $660, none of which has been paid."

A corporation known as the Carolina Building and Hotel Company began the erection of this apartment building and failed. Among its creditors were appellants, or companies or firms in which they were interested. In an effort to save themselves as creditors of the Carolina company they undertook to complete the building, and with that object in view organized the Dubuque Building Company. The subscription for stock, as hereinbefore stated, was made for them and in their behalf without any intention on the part of the subscribers to take stock, but the subscribers in behalf of appellants and others were induced to sign the preliminary papers, subscribe for the capital stock and to become the first board of directors. None of those original subscribers assumed any responsibility or had any intention of paying any part of the subscription, but it is shown that the contractors whom they represented were to pay for stock to the extent of whatever amount might be due them for work done and material furnished to the Carolina company, or for the completion of the building under the management of the Dubuque Building Company. The capital stock was to be distributed among these contractors, but they assumed no obligation as to any cash payments for such stock. Upon the trial an admission was made by counsel for the appellants, to the effect that "there is no contention here that Mr. Brown was able to pay for that stock; he did not subscribe for it; he never intended to pay a dollar on it himself; he did not pay it himself." Brown subscribed for a majority of the stock on the organization of the Dubuque Building Company.

In the trial court finding and judgment were entered in favor of the appellants here. On appeal to the Appellate Court for the First District that judgment was reversed and judgment was entered in that court for $660, the amount stipulated to be due the appellee. The Appellate Court made a special finding of facts, as follows: "The court finds that appellees, as directors of the Du-

buque Building Company, a corporation, assumed and exercised corporate powers in the name of said corporation, and contracted in the name of said corporation, with the appellant, the indebtedness of $660 here sued for, before all the stock named in the articles of incorporation of said corporation had been subscribed in good faith." The Appellate Court, on granting an appeal to this court, entered a certificate of importance.

EDWARD STARTZMAN ELLIOTT, for appellants.

PADEN & GRIDLEY, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It is provided by section 18 of the Corporation act: "If any person or persons, being or pretending to be an officer or agent or board of directors of any stock corporation or pretended stock corporation, shall assume to exercise corporate powers or use the name of any such corporation or pretended corporation without complying with the provisions of this act, before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them and contracted in the name of such corporation or pretended corporation." By special finding the Appellate Court found that the appellants assumed to act as directors of the Dubuque Building Company, a corporation, and assumed and exercised corporate powers in the name of the corporation and contracted in its name with the appellee, by which contract the indebtedness sued for herein was incurred, before all stock named in the articles of incorporation had been subscribed for in good faith. This finding of fact creates a clear liability under section 18, as held by this court in *Loverin* v. *McLaughlin*, 161 Ill. 417.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*