### Henry W. Hoyt et al. v. James McCallum et al.

1. STOCKHOLDERS—*In Corporations Not Completely Organized Are Not to be Held as Partners.*—The great weight of authority is, that where a supposed *de jure* is really but a *de facto* corporation, yet is doing business in good faith as a corporation, duly and completely organized,

one who does business with and gives credit to it, as such, can not hold the stockholders in such corporation liable to him as partners.

**Assumpsit**, for goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed with a finding of facts. Opinion filed May 23, 1902.

**Statement.**—This was an action of assumpsit brought by appellees against appellants and others, as alleged copartners doing business under the name and style of the Thompson & Edwards Fertilizer Company, to recover the sum of $240, for beef scraps, sold and delivered by appellees to the Thompson & Edwards Fertilizer Company, as a corporation, of which appellants and the other defendants were stockholders at the time of the purchase of said goods.

Attachment in aid of the suit was issued and levied upon land of appellant Henry J. Edwards, he being a non-resident. August 15, 1900, in term time and in open court, a bond was filed by appellant Edwards, and, being approved by the court, the attachment was dissolved.

The following order was entered July 9, 1900:

"On motion of Henry J. Edwards, it is ordered that he file a bond as required by the statute, in the sum of $400, with surety to be approved by the court, within fifteen days, and upon the approval of such bond, the attachment in said cause be dismissed and the property released from the attachment levy."

Thereafter the following order was entered August 15, 1900:

"This day come the parties to the above entitled cause by their respective attorneys, and on motion of the defendant, Henry J. Edwards, the bond presented in pursuance to the order entered herein on the 9th day of July, A. D. 1900, and the order extending the time for filing said bond, is hereby approved, and it is ordered that the attachment in aid herein be and the same hereby is dissolved, and the levy made in said cause be and the same is hereby released."

Appellees made all the members of said alleged partnership parties defendant, and filed four special counts with the common counts, alleging liability of the defendants as copartners.

To this declaration each of appellants filed the general issue and pleas denying that he was ever jointly liable with the other defendants, etc., and that he ever was a partner with the other defendants, in respect to the several causes of action mentioned in the declaration, all of which pleas are verified by affidavits.

Upon the partnership counts of the declaration, the issues were tried. The cause being called, was submitted to the trial court for trial.

From the evidence it appears that the Thompson & Edwards Fertilizer Company was organized January 16, 1886; that a certificate of complete organization was issued by the Secretary of State of the State of Illinois, bearing date the day and year aforesaid; that this certificate was never filed for record in the recorder's office of Cook county, Illinois, that being the county in which the principal office of said company was located; that all the defendants in said cause were named on the books of the company as having stock of the company issued to them; but the court refused to allow appellants to show that parties other than the defendants were also stockholders of the Thompson & Edwards Fertilizer Company.

It appears further that said company did business as a corporation from the time of its organization until about November 1, 1897, when it ceased doing business; that appellees dealt with said company as a corporation; that the negotiations which resulted in the indebtedness sued on were carried on in the name of the corporation by appellant Frank E. Barnard as its secretary and treasurer; that the indebtedness sued on was contracted by and in the name of the Thompson & Edwards Fertilizer Company, and that none of the defendants knew anything about it except appellant Frank E. Barnard and defendant Austin L. Nestlerode and they only as officers of the Thompson & Edwards Fertilizer Company.

The court found the defendants to be partners and gave judgment for appellees. From this appellants have appealed.

HENRY W. PROUTY, attorney for appellant Hoyt; A. W. & EDWARD H. S. MARTIN, attorneys for appellant Edwards.

CONSIDER H. WILLETT, LOUIS KARCHER and WM. J. AMMEN, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The principal question presented in this case is as to the position of stockholders in a body that, having attempted to become incorporated in this State, proceeded so far as to have obtained from the secretary of state a certificate of complete organization, and failed in fully complying with the statute concerning incorporations only in omitting to record this certificate in the recorder's office of the county wherein the principal office of the company was located. All this having been done in an honest attempt to comply with the law and form a corporation in accordance therewith, the *de facto* corporation thereafter proceeded in good faith to do business as a corporation, and purchased goods from appellees, who, having sold to and dealt with it as such, now seeks to hold all its stockholders liable as partners for the indebtedness thus incurred.

While there has been and is a contrariety of opinion upon this subject, the great weight of authority is that where a supposed *de jure* is really but a *de facto* corporation, yet is doing business in good faith as a corporation duly and completely organized, one who does business with and gives credit to it as such, can not hold the stockholders liable to him as partners. Bushnell v. Consolidated Ice Machine Co., 138 Ill. 67–73–74–75; Tarbell v. Page, 24 Ill. 46–48; 3d Ed. Cook on Stock & Stockholders, Sec. 233–234; Morawetz on Private Corporations, Sec. 748; Taylor on Private Corporations, Sec. 148; Spelling on Private Corporations, Sec. 833; Mechem's Elements of Partnership, Secs. 10 and 11; Bates on Partnership, Sec. 4; Whitney v. Wyman, 101 U. S. 392; Fay v. Noble, 7 Cushing, 188; First National Bank of Salem v. Almy, 117 Mass. 476; Stout v. Zulick, 48 N. J. Law, 599; Merchants & M. Bank v. Stone, 38 Mich. 779; Gartside Coal Co. v. Maxwell, 22 Fed. Rep.

197; Planters & M. Bank v. Padhett, 69 Geo. 159–164; Shider Sons Co. v. Troy, 91 Ala. 224; Bank v. Hall, 35 Ohio St. 158–169; Medill v. Collier, 16 Ohio St. 599; McClinch v. Sturgis, 72 Maine, 288; Humphreys v. Mooney, 5 Colorado, 282; Harod v. Hamer, 32 Wisc. 162; Stafford Bank v. Palmer, 47 Conn. 443; Ward v. Brigham, 127 Mass. 24; Methodist Episcopal Union Church v. Pickett, 19 N. Y. 482; Heaston v. The Cincinnati R. R. Co., 16 Ind. 275; Swartout v. Michigan Air Line R. R. Co., 24 Mich. 393; Vanemare v. Young, 53 N. J.; Walton v. Riley, 85 Ky. 413–421; Welch v. Importers Bank, 122 N. Y. 177; Merchants National Bank v. Pendleton, 9 N. Y. Suppl. 46; American Salt Co. v. Heidenheimer, 60 Tex. 344; Merriam v. Magivney, 12 Heisk. 494; Blanchard v. Kaull, 44 Cal. 440.

There are many authorities to the contrary; some of these, however, as in Iowa and Nebraska, are based upon imperative provisions of the state statute. Notwithstanding the authorities to the contrary, the rule, before stated, as to the non-liability of stockholders in cases of defective or incomplete organization is, as said by Cook, in his work on Stock and Stockholders, settled "beyond reasonable doubt."

It has been said that the stockholders of a merely *de facto* corporation may be held liable as partners, upon the principle that one unknowingly dealing with an agent may hold the principal when discovered. The difficulty with the application of this rule is that the corporators in the case considered, have never authorized any of the agents or members of the *de facto* corporation to bind them personally or transact any business for them as such, but have merely given authority to deal with and bind their interest in an organization believed to be incapable of fastening a personal liability upon any stockholder; there has in such case neither been represented to be, nor secretly known to be, an agency of or for any principal save the artificial *de facto* corporation.

Where a *de facto* corporation has in good faith dealt as such, and creditors have treated with and trusted it alone,

to, upon discovery of incompleteness in or defects of organization, permit creditors to hold the stockholders liable as partners, is to disregard the contract, representation and understanding under which credit was extended, and to give to creditors not only that for which they never contracted, but which it was definitely understood they were not to have. The consequences of such a doctrine, in these days when nearly every man is a member of some private corporation, would be most serious. Practically, it is not possible for each stockholder to know that all the steps necessary to the creation of a *de jure* corporation have been taken. He may put aside stock purchased as a provision for his old age or a heritage for his children, only to find that he has gathered, not an asset, but a liability, by which his entire estate may be swept away.

That the Thompson & Edwards Fertilizer Company was a *de facto* corporation is established by Bushnell v. Consolidated Ice Machine Co., 138 Ill. 73; Hudson v. Green Hill Seminary Corporation, 113 Ill. 618; Gade v. Forest Glen Brick Co., 165 Ill. 367; same v. same, 55 Ill. App. 181.

We are not here considering the question presented in Loverin v. McLaughlin, 161 Ill. 417, and Kent v. Clark Co., 181 Ill. 237, of the liability under section 18 of the general incorporation act of this State, of officers and directors of corporations incompletely organized. In the case of Loverin v. McLaughlin attention is called to the marked "distinction" existing between the case when the suit is between the corporation and a stockholder, and the case of a suit by creditors against individuals assuming to act as agents or officers or directors of a corporation.

" In the latter case it is the duty of such persons to prove that their principal had a legal existence and was capable in law of contracting the debt for which they are sought to be held liable."

Nor are we considering the case of a corporation illegally organized. There was nothing illegal or unlawful in the organization of the Thompson & Edwards Fertilizer Company. It was organized under a valid law and in entire accordance therewith.

In pursuance of the statute there was issued to it by the secretary of state "a certificate of the complete organization of the corporation." Not intentionally, but inadvertently, it omitted to record in the county wherein its principal office was located the "certificate of complete organization." It proceeded to business before, for lack of such recording, it was authorized to do so; nevertheless it was a *de facto* corporation. Bushnell v. Consolidated Ice Machine Co., 138 Ill. 67–73.

The quotation from Beach on Private Corporations, in Loverin v. McLaughlin, 161 Ill. 417–436, "If a corporation be illegally formed, its members or stockholders are liable as partners for its acts or contracts," we do not regard as inconsistent with the view taken in this opinion. The distinction between corporations illegally formed—as where there is no law for such formation, and for the purpose could be no *de jure* corporation, or where there has been no attempt to comply with the law, or there has been a fraudulent assumption of corporate powers—and cases such as that now under consideration, where a *de facto* corporation has been brought into existence, but has proceeded to business omitting to file a certificate or make a publication, or some other requirement of the law—is pointed out by most of the text writers and many courts. Nor have we here under consideration the liability of agents, officers or directors of a *de facto* corporation that has proceeded to business before authorized to do so, or of directors who have contracted in excess of the power of the corporation, upon which the court passed in Seeberger v. McCormick, 178 Ill. 404. The capital stock of this corporation was necessarily fully subscribed, and a copy of the subscription list furnished to the secretary of state before he issued the certificate of "the complete organization." Secs. 3 and 4, Chap. 32, R. S.

The liabilities of the stockholders under section eight became thereby fixed and determined.

There is no hint in the general incorporation act that if thereafter there be an omission to record the certificate of

"complete organization," or any other failure or act by which the corporation may be dissolved, or its charter taken away, the stockholders shall be liable as partners; while there are provisions for liability by officers, directors and agents for all debts in case certain things are or are not done. Sections 16, 18, 19 and 21 of Chapter 32, R. S.

The order dissolving the attachment was not void. The court had jurisdiction of the subject-matter and the parties, and however erroneous, its order was not void. Hughes v. Foreman, 78 Ill. App. 460.

We are not prepared to hold that because the statute permits a defendant in attachment to, in term time, enter into a recognizance for the payment of whatever judgment may be found against him, therefore the court may not take a bond with adequate sureties.

The judgment of the Circuit Court will be reversed without remandment and with a finding of facts.