Stanwood v. Sterling Metal Co.

---

## Edward W. Stanwood v. Sterling Metal Company, George S. Lord, Garnishee.

1. CORPORATIONS—*Action May Be Brought Against Stockholder to Extent of Unpaid Balance upon His Stock.*—An action against a corporation to recover an indebtedness may at the same time be brought against any stockholder of the corporation to the extent of the balance unpaid by such stockholder upon the stock owned by him.

2. SAME—*Requisite Elements to Constitute a Corporation De Facto.*—The requisite elements to constitute a corporation *de facto* are three: a general law under which a corporation, such as it purports to be, lawfully might organize; an attempt *bona fide* to organize thereunder; and actual user of the corporate franchise.

3. SAME—*What Acts Can Be Relied Upon as User to Prove the Existence of a Corporation.*—Where acts of user are relied upon to prove the existence of a corporation *de facto* they must be such as unequivocally indicate a corporation, and could not have been performed by a partnership or an individual.

4. SAME—*When Only the State Can Question the Legal Existence of a De Facto Corporation.*—While it is a settled rule in this state that the legal existence of a corporation *de facto* can not be questioned collaterally, still the existence of the requisites necessary to constitute a corporation *de facto* must be shown.

5. INSTRUCTIONS—*That Certificate of Organization of Secretary of State is the Final Act to Perfect a Corporation de Facto Properly Refused.*—An instruction that the issuance of the certificate of organization by the secretary of state is the final act to perfect a corporation *de facto*, is properly refused.

Assumpsit, for money advanced. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard

in the Branch Appellate Court at the March term, 1902.   Reversed and remanded.   Opinion filed April 28, 1903.

**Statement.**—This was a suit in assumpsit commenced July 3, 1900, by Edward W. Stanwood, against the Sterling Metal Company, a corporation, to recover for money advanced, and for services, material and interest.   With the declaration an affidavit was filed by appellant under section 8 of chapter 32 of the Revised Statutes of Illinois, alleging that George S. Lord, a stockholder and subscriber of 100 shares at $100 per share of the capital stock of said corporation, was indebted to said company as a stockholder for an unpaid balance on his subscription for said 100 shares of stock.

July 20, 1900, a judgment was entered against the corporation for $4,312.22, which judgment still remains in full force, and on August 29, 1900, a conditional judgment was entered against said Lord, a garnishee, for $4,312.22 for want of answer.

November 21, 1901, a trial was had before the court, a jury having been waived, as to the issues between the garnishee and appellant, and a finding and judgment were entered in favor of said Lord, garnishee, and against the appellant for costs of suit, from which finding and judgment appeal is taken to this court.

ALFRED E. BARR, attorney for appellant.

Where there is an honest attempt of corporators to organize a corporation under the laws of this state, and all the necessary steps to perfect its organization have been taken, except that the final certificate thereof is not recorded in the office of the recorder of deeds of the proper county, and the directors, upon the issue of such certificate, elected the necessary officers and proceeded to the transaction of business as a corporate body, these facts will establish a corporation *de facto*.   Bushnell v. Consolidated Ice Machine Company, 138 Ill. 67; Hudson v. Green Hill Seminary, 113 Ill. 618; Baker v. Backus, 32 Ill. 79.

In the case of associates in a corporation *de facto*, and

those having dealings with it, there is a mutual estoppel, which prevents the former from denying and the latter from disputing the incorporation. Thompson on Liability of Stockholders, Sec. 120; 1 Morawetz on Corp., Sec. 156; Ramsey v. The Peoria Marine & Fire Ins. Co., 55 Ill. 311; Stone v. Great Western Oil Company, 41 Ill. 85; Edwards v. The Cleveland Dryer Co., 83 Ill. App. 643–653; Bushnell v. Consolidated Ice Machine Co., 138 Ill. 67–74; Tarbell v. Page, 24 Ill. 46.

H. H. C. MILLER, CHARLES H. BALDWIN and W. S. OPPENHEIM, attorneys for appellees.

Where a license is applied for and a charter granted but no books are opened, no action taken in regard to the stock, nor property conveyed to the corporation, the association is a partnership and not a corporation. Stowe v. Flagg, 72 Ill. 398; Bigelow v. Gregory, 73 Ill. 197.

MR. JUSTICE BURKE delivered the opinion of the court.

The Illinois statute concerning corporations enacts that an action against a corporation to recover an indebtedness may, at the same time be brought against any stockholder of the corporation to the extent of the balance unpaid by such stockholder upon the stock owned by him. This suit was brought against the Sterling Metal Company and also against George S. Lord as one of its stockholders.

It appears that appellant began work for the Sterling Metal Company in January, 1894; that he was manager, had charge of the office, kept the bank account, carried on the correspondence and did the buying, selling and collecting and attended to the shipping of all material. He claims $1,800 for services alleged to have been rendered by him from September, 1895, to June, 1896, a period of nine months, having been paid for all prior services, and he further claims $1,673.54 as money advanced by him to the Sterling Metal Company. Judgment by default was entered against the company, but the trial court decided that George S. Lord was not liable upon any stock of the defendant corporation held by him. It appears that B.

W. Kendall, and George S. Lord, appellee, for some time in the year 1893, owned and conducted the business of the company as a partnership under the name of the Sterling Metal Company; that in the latter part of 1893, H. D. Cable, now deceased, became interested in the said business.

Said Kendall testified that said Lord, Cable and himself were partners in said business. It is claimed by appellant that during the latter portion or period of said partnership, he was employed by Cable, representing that he, said Cable, was acting for a corporation. If Cable employed appellant, as appellant insists, such contract of employment would not be binding on the defendant Lord, in this case, unless the existence of a corporation *de jure* or *de facto* be shown by proper evidence.

From the record it appears that some conversation was had in the latter part of the year 1893 about incorporating the business; that thereafter he, Kendall, "withdrew from the concern." It appears that the charter of the Sterling Metal Company was issued by the secretary of state on January 5, 1894. The report of the commissioners shows that said Lord, Kendall and Cable subscribed for the capital stock and that they were "elected directors for the term of one year and the charter recorded in the recorder's office of Cook county on June 25, 1896." It will be observed that the recording of the charter did not take place until after the expiration of the period for which appellant claims salary. The main question before us is, was the Sterling Metal Company a corporation when the appellant performed the services in question, and was appellant employed by the corporation? It is conceded there was a partnership. Were the services of appellant rendered to the partnership or to the corporation? If the former be the case, then appellee Lord is not liable as garnishee. It was shown that the business had been conducted as a partnership by Lord, Cable and Kendall at one time under the name of the Sterling Metal Company, and that negotiations were had and the contract of employment made before the charter was granted. From the abstract

we are unable to find any steps were taken by the said copartners toward forming a corporation or acting under a charter which could, without the most violent presumption, be construed as user. The record shows that no meeting of the board of directors was ever held, no officers elected, no property specifically purchased, no stock issued, or anything done under the alleged charter. We therefore can find no evidence or circumstance tending to show a user by these parties or any of them of the charter. The entire business was turned over to appellant to manage in his own way and not until the partners found that the business was in an unsatisfactory financial condition do they or any of them appear to have interfered in its management; and then it is claimed the appellant was notified that the business must be closed up. There is some conflict of evidence as to whether appellant's employment ceased in September, 1895. For the purposes of this case, the decision of this last question became immaterial, if it is held that the business was carried on as a partnership to June, 1896. After a careful examination of the record, it is our opinion that the partnership shown to have existed in the latter part of 1893 continued during the time of appellant's employment; that in fact no corporation was organized; that said appellee Lord can not be held upon the subscription to a corporation, the organization of which was not completed and did not go into effect during the period of appellant's employment. It is our opinion that there is evidence in the record tending to sustain the finding of the court and the judgment entered thereon, which must be given all the weight that should be attached to a verdict by a jury.

For a proper disposal of this case, it must be determined whether there was a corporation of any kind during the term of the appellant's employment. It is conceded that during this period the Sterling Metal Company was not a corporation *de jure*. Was it a corporation *de facto ?* The requisite elements to constitute a corporation *de facto* are three : a general law under which a corporation, such as it purports to be, lawfully, might organize; an attempt *bona*

*fide* to organize thereunder; and actual user of the corporate franchise.    Hudson v. Greenhill Seminary, 113 Ill. 618.

"Where acts of user are relied on to prove the existence of a corporation *de facto* they must be such as unequivocally indicate a corporation and could not have been performed by a partnership or an individual."    8 Am. & Eng. Ency. of Law, 753.

It is evident that the court had good reason under this rule and the evidence of the case to find that the business conducted in fact by appellant was carried on by the partnership and not by the alleged corporation.    It can not be doubted that the appellant, familiar as he was with every detail of the business and everything pertaining thereto, had ample opportunity to know and did know how and by whom the business was carried on during his term of employment.

Counsel for appellant contends that the state alone can review the question of proper organization and that a stockholder would be estopped from raising the question of the validity of his stock subscription and to sustain his position, refers to Bushnell v. Con. I. M. Co., 138 Ill. 67. But in that case, all the necessary steps to perfect the organization of the corporation were taken as required by the statute, except that the final certificate was not recorded; upon the issuing of the certificate, its directors elected proper officers and proceeded to the transaction of business as a corporation and continued to act as such for a period of more than five years.    It will be seen that the case at bar is entirely different in all its facts as found by the court from those of the Bushnell case.    While it is a settled rule in this state that the legal existence of a corporation *de facto* can not be questioned collaterally, still the existence of the requisites necessary to constitute a corporation *de facto* must be shown.

We can not concur in the view advanced by counsel for appellees that where the corporation is not *de jure*, but simply *de facto*, a stockholder is under no circumstances liable as garnishee upon his unpaid stock.

The court committed no error in refusing to hold as law

instruction numbered "5." Thereby the court was requested to assume that certain acts of the Sterling Metal Company were performed by the company, as a corporation, and the court was further requested to hold that the issuance of the certificate of organization by the secretary of state was the final act to perfect a corporation *de facto*. There were other minor defects in the instruction, and it would have been error to have held it as the law applicable to the facts of this case. There is conflict in the evidence as to when the term of appellant's employment ceased. As this case is to be remanded, we will refrain from further discussion of the evidence. Owing to the variant positions assumed by the counsel in the case as to the law and owing to the character of the evidence, it is the opinion of the majority of the court that the judgment of the Circuit Court should be reversed and the cause remanded.