**The Clinton Company, Defendant in Error, v. Lothar Schwarz and William P. Crockett, Plaintiffs in Error.**

## Gen. No. 16,682.

1. CORPORATIONS—*when officers of de facto corporation not liable on contract.* Where an honest attempt to incorporate a company results in a *de facto* corporation and its officers in good faith contract in writing to purchase goods in the name of the company, the seller, dealing with the company as a corporation and extending credit as such, and suing it on the contract as a corporation, is estopped from questioning its corporate existence and cannot hold the officers liable at common law as partners on the contract made by them.

2. CORPORATIONS—*what constitutes de facto corporation.* Where the secretary of state issues a certificate of complete organization of a corporation, the corporation does not have a *de jure* existence

prior to the recording of the certificate in the office of the recorder of deeds in the county where the principal office of the company is located, as required by the Corporation Act, § 4.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed with finding of facts. Opinion filed December 11, 1912.

HOYNE, O'CONNOR, HOYNE & IRWIN, for plaintiff in error; CARL J. APPELL, of counsel.

HARVEY T. FLETCHER, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

This suit was begun in the Municipal Court February 15, 1910, against Lothar Schwarz, William P. Crockett, C. E. Miller and the Sultana Remedy Company. The affidavit of claim then filed states that the cause of action is upon a contract for the payment of money, and that the demand is for labor and services performed and materials furnished to the defendants at their special instance and request, as set forth in a statement of claim therewith filed.

On February 28, 1910, the plaintiff filed an amended statement of claim which sets forth that the plaintiff's claim is for goods, wares and merchandise sold and delivered to the defendants, Schwarz, Crockett and Miller, doing business as the Sultana Remedy Company, Inc., upon an order in writing, dated August 26, 1907, and signed Sultana Remedy Company, Inc., Lothar Schwarz, President, W. P. Crockett, Secretary, and C. E. Miller, Manager, as afterwards verbally modified by the defendants; that the defendants at the time of giving and modifying such order and at the time the goods were delivered respectively claimed to be the president, secretary and manager of the Sultana Remedy Company, Inc.; that such order was given and modified and the goods received by the

defendants in the name of the Sultana Remedy Company, Inc., before any certificate of complete organization as a corporation had been recorded in the recorder's office of Cook County, where the principal office of the Sultana Remedy Company then was located. In the amended statement of claim the Sultana Remedy Company, Inc., was not mentioned as a defendant, but no formal order dismissing the case as to the Sultana Remedy Company was entered. Appearance by attorney for defendants, Crockett and Schwarz, and an affidavit of meritorious defense to the entire claim and denying joint or several liability by defendant Crockett was filed before the amended statement of claim was filed. After the amended statement of claim was filed an affidavit of meritorious defense to the whole of plaintiff's demand and denying joint or several liability was filed for defendant Schwarz. Without any question being raised as to the elimination from the amended statement of claim of the Sultana Remedy Company as a defendant, the court proceeded to hear the case without a jury. Pending the hearing, on motion of plaintiff, one George H. Paget was added as a defendant, because the evidence had then disclosed that he was a subscriber for stock in the Sultana Remedy Company. The court found the issues for the plaintiff and entered judgment against defendants Schwarz and Crockett, for $369.27. To reverse this judgment this writ of error is prosecuted.

The first controversy arises over the question whether this suit is brought to enforce a common-law right or to recover by virtue of the provisions of section 18 of the Corporation Act.

Plaintiffs in error insist that defendant in error has shown no right to recover on either ground; that if this suit is brought under section 18 of the Corporation Act, it is then a suit to recover a penalty, and, as it was not brought within two years after the right accrued, it is barred by the statute of limitations;

while if it is not brought under that section, then defendant in error is estopped from denying that the Sultana Remedy Company is a duly organized corporation, since the contract sued on was made with the Sultana Remedy Company as a corporation, and the Sultana Remedy Company as a corporation was made party defendant to this suit brought to recover on such contract. Defendant in error does not deny that its right, if any, to recover under section 18 of the Corporation Act, is barred by the statute of limitations, and makes no claim of any right to recover under that section, but insists it has a right to recover of plaintiffs in error on the theory that they undertook to do business in the corporate name of the Sultana Remedy Company before that Company had been fully incorporated, and while it was only a corporation *de facto,* and that under that state of facts plaintiffs in error are liable at the common law as partners for all contracts made by them as officers of the *de facto* corporation.

The evidence shows that a certificate of complete organization of the Sultana Remedy Company as a corporation had been duly issued to it by the Secretary of State before the contract sued on was entered into by its officers in its name, and that the only thing remaining to be done to constitute it a corporation *de jure* was to cause its certificate of complete organization to be recorded in a book kept for that purpose in the office of the recorder of deeds in the county where the principal office of the company was located, as required by section 4 of the Corporation Act. There is no suggestion in the evidence that the incorporators of this company had not made an honest attempt in good faith to have the company properly incorporated, or that in making the contract in question the officers were not acting in good faith. While it is true that, before the certificate of complete organization was recorded, as required by section 4 of the Corporation Act, the corporation did not have a *de*

*jure* existence (Hoyt v. McCallum, 102 Ill. App. 287; O. S. Richardson Fueling Co. v. Seymour, 235 Ill. 319); it was a corporation *de facto*, and if its officers in all respects acted in good faith, as they appear to have done, and defendant in error dealt with it as a corporation and extended credit to it as such, it is, according to the decided weight of authority, estopped from questioning its corporate existence, and cannot hold the plaintiffs in error liable at common law as partners on contracts made by them for and in the name of the corporation. Taylor on Private Corporations, section 148; Hoyt v. McCallum, 102 Ill. App. 287; Bushnell v. Consolidated Ice Machine Co., 138 Ill. 67; Tarbell v. Page, 24 Ill. 46; 2 Morawetz on Private Corporations, sec. 748; Cook on Corporations (4th Ed.), sec. 234. Of course, the foregoing authorities and the principles there announced do not apply to actions based on section 18 of the Corporation Act. The case of O. S. Richardson Fueling Co. v. Seymour, 235 Ill. 319, cited by defendant in error, was a case based on the statute (Seymour v. O. S. Richardson Fueling Co., 103 Ill. App. 625). In that case, the Supreme Court held that the existence of a corporation *de facto* did not relieve the directors and officers of the corporation from the liability imposed by the statute, and also said: "Independent of any liability under section 18 of the Incorporation Act, the appellants were liable as partners, if the proof showed the delivery of the coal." This is not, as defendant in error seems to suppose, a holding that the officers of every corporation *de facto* are liable as partners on contracts made by them for and in the name of the corporation, but is a holding that on the facts in that case the appellants then before the court were liable as partners on the contract there sued on, which was entered into on the part of the Richardson Fuel Co. with the appellants as individuals and without any knowledge of the existence or pretended existence of the Seymour Transportation Company for whom appel-

lants afterwards claimed to have acted in the transaction.

The facts in the case at bar are very different from the facts in the Seymour case. In the case at bar, the record discloses that the Sultana Remedy Company was a corporation *de facto;* that the contract sued on was made in writing in the name of the Sultana Remedy Co., and was executed by the president, secretary and manager of that company; that defendant in error dealt with the Sultana Remedy Company as a corporation and not with its officers as individuals or as partners; that it extended credit to the Sultana Remedy Co. as a corporation and sued it on the contract as a corporation.

Upon that state of facts and the authorities cited, defendant in error is estopped from questioning the corporate existence of the Sultana Remedy Company, and cannot hold the officers of that company liable at the common law as partners on the contract sued on. As defendant in error does not claim a right to recover under section 18 of the Corporation Act, there is no occasion for this court to here discuss whether the remedy provided by that section is a penalty or not, or whether the remedy provided for by it is barred by the statute of limitations or not.

For the reasons given, the judgment of the court below is reversed with a finding of facts to be incorporated in the judgment of this court.

*Judgment reversed with finding of facts.*

Finding of Facts: We find as ultimate facts that defendant in error made the contract sued on with the Sultana Remedy Company as a corporation, and extended credit to, and sued, it as such; that the Sultana Remedy Company was then a corporation *de facto.*