**R. C. Jones Lumber Company, Appellant, v. Jessie Lahr Jones, Appellee.**

**Gen. No. 8,553.**

October term, 1931.　　　　　Opinion filed February 15, 1932.　Heard in this court at the

JOHN E. HOGAN and JOHN W. COALE, for appellant.

HERSHEY & VOGELSANG, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case an action of assumpsit was brought by the appellant R. C. Jones Lumber Company, a corporation, in the circuit court of Christian county, against the appellee Jessie Lahr Jones, a former stockholder, to recover the sum of $715 claimed by the appellant to be due and owing from the appellee. The declaration filed in the cause consisted of the common counts; afterwards upon motion of the appellee, and the order of the court, a bill of particulars was filed by the appellant, which specifically sets forth its cause of action as arising in connection with a contract of sale, by which the R. C. Jones Lumber Company on January 1, 1926, sold to the Pana Lumber Company the lumber yards which it owned and had been operating at Pana, Illinois, and all the assets thereof, including various accounts due the R. C. Jones Lumber Company; and that the individual stockholders of the R. C. Jones Lumber Company, by verbal

agreement, agreed to guarantee the payment of the accounts transferred to the Pana Lumber Company in the event of their being uncollectible or not paid; and in that event, the stockholders were to contribute a proportionate amount of the uncollectible accounts according to the shares of stock held by them respectively.

That on January 31, 1930, a computation was made of the amount of unpaid accounts upon which an assessment against the stockholders should be made, and it was ascertained thereupon that the amount was $19,500, 13 per cent of which would be the share of Jessie Lahr Jones, making her assessment of 13 per cent on $11,000 stock $1,430; and that afterwards at a meeting of the stockholders of the R. C. Jones Lumber Company, held on March 1, 1930, an assessment was made on the stock to meet this deficit, which was made payable quarterly on April 1, 1930, July 1, 1930, October 1, 1930 and December 31, 1930, by the appellee, Jessie Lahr Jones, as stockholder, and that under the assessment, $357.50, and a total of two assessments were due at the time of the commencement of the suit, amounting to the total sum of $715.

The appellee Jessie Lahr Jones thereupon pleaded the general issue to the declaration and bill of particulars and gave notice of the following special defenses under the plea of general issue, namely:

That at the time of the levy of the alleged assessment she was not a stockholder in the R. C. Jones Lumber Company; and was not in any way obligated to pay any of the sums of money claimed to be due from her to the plaintiff.

And that each and everyone of the supposed several promises in said bill of particulars mentioned was a special promise to answer for the debt of another person, to wit, the debts due and owing by the R. C. Jones Lumber Company, and that no memorandum or note thereof in writing, signed by this defendant, nor any

other person thereto was by her lawfully authorized according to law.

There was a trial by the court, a trial by jury having been waived by the parties; and the court found the issues in favor of the appellee and entered a judgment in bar of the appellant's right to recover. This appeal is prosecuted from the judgment.

Error is assigned by the appellant upon the finding of the issues in favor of the defendant; and that the finding is manifestly against the weight of the evidence.

That the court erred in refusing certain propositions of law submitted by the appellant which were decisive of the appellant's right to recover; and that the court erred in not entering judgment against the appellee for the amount of appellant's claim.

An examination of the record discloses that the evidence clearly and conclusively sustains both of the specific defenses set forth by the appellee in her notice of defenses, filed with the general issue. It appears from the evidence that at the time of the purported assessment against the appellee, as stockholder of the R. C. Jones Lumber Company, she was not a stockholder, and had not been for several years prior thereto. The statute does not authorize the creation of a liability by assessment against stockholders in the manner pursued by the appellant corporation, nor is there any warrant in the statute to make an assessment against persons who are not stockholders of the corporation for the payment of debts of the corporation or for any other purpose.

Stockholders at common law were not responsible personally for any of the liabilities of a corporation, and are only responsible because of some statutory or constitutional provision. (*Golden v. Cervenka*, 278 Ill. 409; *Parkhurst v. Mexican S. E. R. Co.*, 102 Ill. App. 507.)

Even on the dissolution of a corporation, its members do not become liable for its debts beyond the assets which a member may have in his possession, and a shareholder cannot be held liable beyond the liability imposed by the legislature. A dissolution does not have the effect of converting the stockholders into mere partners. (*Tarbell v. Page,* 24 Ill. 46.)

It is contended, however, by the appellant, that the appellee is liable on her alleged verbal agreement which it is claimed was made at the time of the contract of sale of the R. C. Jones Lumber Company to the Pana Lumber Company. The evidence concerning this feature of the controversy is found in the testimony of Ray C. Jones, president and principal stockholder of the appellant corporation. He testified that all the stockholders of the corporation, including the appellee, were present at the time of the sale by the company and agreed to it. He also testified with reference to the accounts sold, as follows:

"Q: State whether there were any outstanding accounts in the various lumber yards?

A: Yes, sir.

Q: State how many shares of stock the defendant, Jessie Lahr Jones, had.

A: She had 110." . . .

In answer to the question concerning what was said by him and the stockholders about the accounts sold to the Pana Lumber Company, the witness answered: "that they (The Pana Company) were to take over the accounts at the yards, Pana and Gillespie, and guarantee by the R. C. Jones Lumber Company any accounts after a reasonable length of time, that they were unable to collect, would be charged back to the R. C. Jones Lumber Company and would reimburse them." . . .

"Q: Was the defendant there?

A: Yes, sir.

Q: How did she agree to it; what was said?
A: She said it would be all right.''

It is apparent from the testimony of the witness Jones that the alleged verbal promise or agreement of appellee to pay, made, was to make good a debt the R. C. Jones Lumber Company might incur under its contract of sale with the Pana Lumber Company to indemnify the Pana Lumber Company for the amount of loss to the Pana Company if the accounts transferred to that company were not collectible and that in this action the appellant seeks to charge the appellee under her alleged verbal promise to answer for a liability incurred by the appellant corporation by its contract of sale referred to with the Pana Lumber Company, which would be in conflict with the provisions of section 1 of chapter 59 on Frauds and Perjuries, Cahill's St. ch. 59, ¶ 1, and therefore void.

''Where the undertaking is that the stockholders shall become personally liable for the debts of the corporation to an extent beyond which they would have been liable at common law, or under special statutory and constitutional provisions, the agreement is to answer for the debt or default of another person, and is within the statute of frauds, and must be in writing, since the stockholder is a different person from the corporation.'' 14 Corpus Juris, p. 971.

For the reasons stated, the court's refusal to hold the propositions of law presented by the appellant was not error, and the finding and judgment rendered was proper.

The judgment is therefore affirmed.

*Affirmed.*