May Term, 1860.

FRENCH
v.
HOWARD.

J. L. *Ketcham,* I. *Coffin,* and A. *Todd,* for the appellants.

J. *Morrison,* C. A. *Ray,* and W. *Henderson,* for the appellees.

---

FRENCH and Another *v.* HOWARD.

Where a suit had been brought on the first of two notes for installments of the purchase-money of real estate, and judgment rendered for the plaintiff on issues made upon certain defenses, it was *held,* on demurrer, in a suit upon the second note, that the defendant was estopped to plead the same defenses.

An argumentative denial is good on demurrer.

The Circuit Court has some discretion as to the order in which causes are tried; and, the contrary not appearing, it will be presumed that where a cause was tried out of its order, good ground existed for the action of the Court.

Suit upon a note for the second installment of purchase-money of real estate. Answer, failure of consideration. Reply, 1. A general denial of the answer; 2. An argumentative denial; 3. An estoppel by former judgment upon the same defense. *Quœre,* whether all the matters pleaded specially might have been given in evidence upon the general denial.

APPEAL from the *Jefferson* Circuit Court.

Monday,
June 11.

PERKINS, J.—Suit upon a promissory note.

Answer, failure of consideration, setting out the facts.

Reply, 1. General denial of the answer; 2. An argumentative denial; 3. An estoppel by former judgment upon the same defense, and in favor of the plaintiff over that defense.

Trial; judgment for the plaintiff.

A demurrer was overruled to the answer of estoppel, and we think rightly. The note sued on here was for the second installment of the purchase-money of real estate. A suit had previously been brought upon the note for the first installment, in which the same facts now relied upon

as a failure of consideration had been set up in the answer in bar, and a judgment had been obtained for the plaintiff on the trial of the issue upon them. The judgment, as appears from the transcript filed and made a part of the reply in this case, was, upon the merits of the same question, set up in the answer. See Ind. Dig., p. 480, and p. 482, § 18. See, as to the practice upon such an issue, and the evidence admissible, *Hargus* v. *Goodman*, 12 Ind. R. 629.

The conclusion we have come to on the estoppel, renders other questions in the case unimportant.

The Court overruled a demurrer to the paragraph in the answer constituting an argumentative denial. It is needless to inquire whether the ruling was right or wrong; but, according to repeated decisions of this Court, it was right.

The Court, on motion of the plaintiff's attorney, took up and tried the cause out of its order. It does not appear that those concerned in other causes objected, if, indeed, such fact could be made to appear; and though the defendant objected and excepted, he did not apply for a continuance, in legal mode, upon cause shown, even for an hour, and we think the Circuit Court has some discretion in the matter of taking up causes. We presume, the contrary not appearing, good ground for the action of the Court existed. See 2 R. S. p. 108, § 321.

Again, on the point as to the demurrer, the evidence in the cause is not upon the record. Could, or could not, all the matters pleaded specially have been given in evidence upon the general denial of the failure of consideration?

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*W. M. Dunn* and *A. W. Hendricks*, for the appellants.
*H. A. Downie*, for the appellee.