## BRADLEY *v.* BRADLEY.

PRACTICE.— *Judicial Discretion.*— *Time of Trial.*—A court has some discretion in the matter of taking up causes for trial; and where a cause is taken up out of its order and tried over the objection of one of the parties, but without an application for a continuance or postponement, it will be presumed,

the contrary not appearing, that good ground existed for the action of the court.

JURY.—*Talesmen.*—When the regular panel of jurors are engaged in the trial of a cause, the court may direct the sheriff to call bystanders or go upon the streets or into the country and summon other jurors.

SAME.—If any jurors of the regular panel are present and not engaged, they should be called, and the panel then filled from others, as the court may direct.

INTERROGATORIES TO JURY.—Where interrogatories are submitted to a jury, if additional ones are desired, they should be prepared and submitted to the court, with a request that they be submitted to the jury.

SAME.—*Answers to Interrogatories.*—If answers to interrogatories are not full and responsive, objection should be made to the discharge of the jury, and it should be asked that they be sent out to answer further.

PRACTICE.—*Alimony.*—In an action for a divorce, where objection is made that the amount of alimony allowed is excessive, it must appear that the attention of the court below was called to the question, either by a motion for a new trial or a motion to modify and correct the judgment. Assigning as a reason for a new trial that the jury erred in its finding as to the value of the husband's property is not sufficient.

From the Hamilton Common Pleas.

*T. J. Kane* and *A. F. Shirts,* for appellant.

*D. Moss* and *F. M. Trissal,* for appellee.

BUSKIRK, J.—This was a proceeding by the appellee against the appellant, to obtain a divorce and alimony. It was shown in the complaint that the father of the appellee had devised to her and her husband *jointly* a tract of land, which was still owned by them and constituted the most of the property owned by them.

The defendant answered by the general denial and a special paragraph, in which he admitted the devise of the land as alleged in the complaint, but alleged that it was at such time wild and unimproved land, and that he had, by clearing, fencing, and cultivating it, greatly added to its value. There was a reply in denial.

The cause was submitted to a jury for trial, and resulted in a general finding for appellee, and answers to interrogatories showing the treatment of appellee by defendant, and the value of defendant's property. The jury did not find any amount of alimony. The court overruled motions for

Bradley *v*. Bradley.

a new trial and in arrest of judgment, and decreed a divorce and alimony.

The reasons for a new trial are:

1. That the verdict was not supported by the evidence.

2. That it was contrary to law.

3. That the verdict of the jury as to the value of defendant's property is excessive.

4. For irregularity in the proceedings of the court in compelling said defendant to go into trial of said cause before the same was called in regular order for trial, to which the defendant at the time objected and excepted, whilst another cause was pending before the jury.

5. For irregularity in the proceedings of the court in compelling said defendant to go to trial before a jury selected from the bystanders, there being a regular panel in attendance in said court, over his objections.

6. For error of law committed by the court in failing to require the jury to find on all the issues pending in said cause.

7. For the reason the jury failed to find upon all the issues in said cause.

The defendant's motion in arrest of judgment was based upon supposed erroneous rulings, as set out in the third, fourth, sixth, and seventh reasons for a new trial.

The only valid assignment of errors is based upon the action of the court in overruling the motions for a new trial and in arrest of judgment.

The evidence is in the record and fully supports the general verdict of the jury, and the answers to the interrogatories show that the defendant had been a habitual drunkard for twenty years, and had been guilty of cruel neglect and brutal treatment of his wife and children. The evidence on these points was so conclusive and overwhelming that the appellant offered no evidence in rebuttal.

In our opinion, the finding of the jury as to the value of the defendant's property was fully supported by the evidence.

Did the court err in trying the cause upon a day earlier

than that upon which it stood for trial on the docket? It appears from a bill of exceptions in the record, that counsel for appellee, on the fifth judicial day of the term, moved the court to set the cause for trial on a day earlier than it stood on the docket, and that the court thereupon set the cause for trial on the seventh judicial day, and that the cause was on that day called and tried over the objection and exception of the appellant, but he did not apply for a continuance or postponement.

It is provided by section 321 of the code, 2 G. & H. 196, that "the trial in each action shall be in the order in which it stands upon the docket; unless the court, for good cause shown, shall direct otherwise." The case of *French* v. *Howard*, 14 Ind. 455, is in point. In that case the court, on motion of plaintiff's attorney, took up and tried the cause out of its order, over the objection and exception of defendant, but there was no application for a continuance or a postponement. The court held there was no error, as the court has some discretion in the matter of taking up causes, and that it would be presumed, the contrary not appearing, that good ground for the action of the court existed.

It was shown upon the trial that the appellee was in very bad health, and wholly dependent upon her relatives and friends for the necessaries of life for herself and her afflicted daughter. We shall indulge the presumption that the court acted upon sufficient information.

It also appears from the bill of exceptions, that when the cause was called for trial, the appellant demanded a trial by jury; that nine of the regular panel were engaged in the trial of another cause, but it does not appear whether they had retired to consult as to their verdict; three of the regular panel were called and served on the jury, and the residue of the jury was made up from bystanders.

It is insisted by counsel for appellant, that he was entitled to a trial by the regular panel of jurors, and that the court possessed no power to call jurors from the bystanders until all of the regular panel had been exhausted; and in support

of such position reference is made to *Rogers* v. *The State,* 33 Ind. 543.

That was a criminal cause, and none of the regular jurors were called or served on the jury. The statute is different in the two cases. In the criminal code, it is provided, that "when a jury trial is demanded, the sheriff shall call a jury in the manner prescribed by law, or as directed by the court." 2 G. & H. 408.

It is provided in the civil code, by sec. 314, 2 G. & H. 194, that "when the regular panel is exhausted, or is insufficient from any cause, the sheriff shall call the bystanders, or fill the jury in such manner as the court may direct." By the section last quoted, bystanders may be called when the regular panel is exhausted, or when the regular panel is, from any cause, insufficient. We think the regular panel is insufficient when engaged in the trial of another cause. In such case, the court may direct the sheriff to call the bystanders, or it may direct the sheriff to go on the streets or in the country and summon jurors. If this power does not exist, there would be much delay and expense; for if the regular panel is engaged in consulting over a cause, there could be no other jury trial until the regular panel return into court, although that might be a week. If the regular panel is in court, when a trial by jury is demanded, it should be called, and when exhausted bystanders should be called. If a part of the regular jurors are out consulting of their verdict, those not thus engaged should be called and the panel filled from the bystanders. If all of the regular panel are serving on a jury, then a jury may be made up entirely of talesmen, selected either from the bystanders, or in such manner as the court may direct. When it is made apparent that the ends of justice demand it, the court may order a special *venire* and direct the sheriff to select the jurors from persons residing remote from the parties litigant. In the present case, nine of the regular panel were serving upon another jury. The remaining three were called, and the panel was filled from the bystanders. The appellant did not demand.

a special *venire*, or that the sheriff should go out of the court-house to select jurors to fill up the panel. It does not appear that he was prejudiced in his defence by having unfriendly jurors who happened to be in court forced upon the jury. We think there was no error in the action of the court below in selecting the jury.

The sixth and seventh reasons for a new trial present in substance the same question. If the appellant desired additional interrogatories submitted to the jury, his counsel should have prepared them and submitted them to the court with a request that they be submitted to the jury and answered. If the answers to the interrogatories were not full and responsive, the appellant should have objected to the discharge of the jury and insisted that the jury should be sent out and required to answer further. Neither of these things was done, and the appellant cannot be heard to complain.

Counsel for appellant have discussed at length the action of the court in fixing the alimony, and have endeavored to prove that the amount decreed was excessive and oppressive. It is very obvious that no such question arises in the record. To present such a question in this court, it was necessary that the attention of the court below should have been called to the matter, either in the motion for a new trial or to modify and correct the judgment. This was not done. It was not assigned as a reason for a new trial, nor was there any motion to correct or modify the judgment, or any objection either in form or substance urged to the judgment. It was assigned as a reason for a new trial, that the jury erred in its finding as to the value of appellant's property. The finding of the jury may have been incorrect, and yet the judgment may have been right. The finding of the court as to the divorce and alimony preceded the motion for a new trial. The motion should have been directed to the finding of the court fixing the amount of alimony, and not to the answer of the jury to the interrogatories submitted to them in reference to the value of the property. No question arises in

the record in reference to the amount of alimony allowed by the court.

It is also insisted in argument that the court should have granted a new trial, because it was not sufficiently proved that the plaintiff had been a *bona fide* resident of the county of Hamilton, and State of Indiana, the length of time required by the statute. It is also argued that the court should have arrested the judgment, because the complaint did not sufficiently aver the residence of the plaintiff. The complaint was entitled: "State of Indiana, Hamilton county, ss. In the court of common pleas of said county." The complaint commenced as follows: "Your petitioner respectfully represents that she has been a *bona fide* resident of said county for many years last past," etc.

The cause was tried in Hamilton. It was proved upon the trial that the plaintiff had resided in the county thirty or forty years. We think it sufficiently appears that the plaintiff was in good faith an actual resident of the State and county where the action was commenced and tried.

In our opinion, the court committed no error in overruling the motions for a new trial and in arrest of judgment.

The judgment is affirmed, with costs.