THE O. S. RICHARDSON FUELING COMPANY, Appellee, *vs.* JOHN SEYMOUR *et al.* Appellants.

*Opinion filed June 18, 1908.*

1. TRIAL—*trial of case out of its order is within sound discretion of court.* Under section 16 of the Practice act the trial court may allow a case to be tried out of its docket order for good and sufficient cause, which matter must be determined by the court in its sound legal discretion, in view of the condition of the docket, the dispatch of business, saving of time and expense to litigants, witnesses and jurors, and other considerations, and its discretion will not be interfered with unless clearly abused.

2. SAME—*what is not an abuse of discretion in granting motion to place cause on trial calendar.* The granting of a motion to place a cause on the trial calendar out of its order is not an abuse of discretion where such cause had been pending nearly nine years and had been twice tried, and where no showing is made against the motion except that the cause was advanced out of its order.

3. CORPORATIONS—*when stockholders are liable as partners.* Where coal ordered by the manager of a supposed corporation which had failed to file its final certificate of incorporation for record is, in fact, delivered to a steamer operated by such company, the parties who were the original subscribers to the stock and who were stockholders, officers and directors after the transaction took place are liable for the coal as partners, independent of any liability under section 18 of the Incorporation act.

4. SAME—*proof of de facto corporation does not prevent liability under section 18 of Incorporation act.* Proof of a corporation *de facto* does not relieve officers and directors from the liability imposed by section 18 of the Incorporation act, and to escape such liability they must show a corporation *de jure.*

5. SAME—*when act of Congress limiting liability of ship owners has no application.* The act of Congress of June 26, 1884, limiting the individual liability of a ship owner to the proportion of all

debts and liabilities that his individual share of the vessel bears to the whole, has no application where parties are not charged with any liability as ship owners but only upon a personal contract.

6. EVIDENCE—*when witness may read entries from books of account.* In an action to recover the price of coal delivered to a steamer, the delivery receipts for which had been turned over to counsel for the defendants and lost, the tug-boat captain who delivered the coal may read from a book the entries showing dates and amounts of the deliveries, where he testifies that the entries were made by him at the time of the delivery and that he knows them to be true, though he has no independent recollection of the amount of coal outside of what is shown by the book.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

KREMER & GREENFIELD, for appellant.

HUBERT E. PAGE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The O. S. Richardson Fueling Company, a corporation, for the use of Levi Windmuller, began an action of assumpsit in the circuit court of Cook county against John Seymour, Antoine E. Cartier, Richard A. Seymour and Elwyn W. Seymour to recover for coal sold and delivered to the steamer *Puritan,* in 1895. The case has been in the Appellate Court twice and in this court once. (103 Ill. App. 625; 123 id. 401; 205 Ill. 77.) The facts are fully stated in the Report first cited. Upon the last trial judgment was rendered against the first two named defendants, which has been affirmed by the Appellate Court, and a further appeal has been prosecuted to this court.

After the last remandment of the cause it was re-instated in the trial court and given term number 14,207. Several months later, on motion of the plaintiff, the cause was placed upon the trial calendar and given term number

2845½.  The defendants objected to this order, and it is now insisted that it was in violation of section 16 of the Practice act, which provides that all causes shall be tried or otherwise disposed of in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct.  The case was called for trial at a later day, and it does not appear from the bill of exceptions that all the cases standing on the docket before No. 14,207 had not then been disposed of for the term.  It does not appear that any case having a less number than 14,207 was set for trial after the time when this case was set for trial, or that all cases having a lower number were not actually tried, dismissed, continued or otherwise disposed of.  But if the case was tried out of its order the statute vests in the court a discretion, which will not be interfered with unless there has been a clear abuse of such discretion which works manifest injustice.  (*In re Estate of Wincox,* 186 Ill. 445; *Clark* v. *Marfield,* 77 id. 258; *Staunton Coal Co.* v. *Menk,* 197 id. 369; *Smith* v. *Third Nat. Bank,* 79 id. 118.)  This was the third trial of the case, which had been pending for nearly nine years.  No showing whatever was made against the motion.  The objection was merely that the cause was advanced for trial out of its regular place.  If anyone had ground for complaint it was the litigants whose cases were delayed.  What is good and sufficient cause for trying a case out of its order on the docket must be determined by the court, in the exercise of a sound legal discretion, in view of the condition of the docket, the dispatch of business, the saving of time and expense to litigants, witnesses and jurors, as well as other considerations, and we do not think the discretion was abused in this case.

The account sued on was for coal furnished to the steamer *Puritan.*  There was evidence tending to show that the steamer was operated, at the time the account accrued, by the Seymour Transportation Company, purporting to be a corporation organized under the laws of this State.  The

certificate of incorporation of the company, however, had never been filed for record in the county where its principal office was located, and the ground of the alleged liability of the appellants is their assumption and exercise of corporate powers and use of the corporate name without complying with the provision of section 4 of the Incorporation act, in regard to the recording of the certificate of complete organization of the corporation. The appellants were original subscribers to the capital stock of the supposed corporation, and were stockholders, directors and officers thereof until after the transactions here in controversy. The evidence tends to show that the appellants lived in Manistee, Michigan, and that E. W. Seymour, another original subscriber, stockholder, director and officer of the company, was its manager, who had actual charge of the business of the steamer in Chicago, where the coal was furnished. It is argued that the debt to the appellee was made by the latter alone, and that appellants did not participate therein in any way and had no connection therewith. In the case of *Bigelow* v. *Gregory,* 73 Ill. 197, the effect upon the liability of incorporators of a failure to comply with the provisions of the statute of Wisconsin in regard to the filing of their certificate and publication of articles of association was under consideration, and it was there held that the incorporators, under such circumstances, were liable as partners. And in *Loverin* v. *McLaughlin,* 161 Ill. 417, it was held that a company which is not a corporate body is a partnership, composed not merely of the directors, but of all the subscribers to the articles of association who had not withdrawn. So in *Gunderson* v. *Illinois Trust and Savings Bank,* 199 Ill. 422, it is said that if the association there concerned was not a corporate body it was a partnership of individuals, who would be liable as partners for its debts. Proof of a corporation *de facto* does not relieve directors and officers of the corporation from the liability imposed by the statute. A corporation *de jure* must

be shown, to escape that liability. (*Butler Paper Co.* v. *Cleveland,* 220 Ill. 128.) Independent of any liability under section 18 of the Incorporation act, the appellants were liable as partners if the proof showed the delivery of the coal. There was evidence tending to show its delivery, and with the weight of the evidence we have nothing to do.

Objection was made to the admission of the book of the tug-boat captain showing dates and amounts of coal delivered. The captain testified that the amounts of coal as entered by him were true; that the entries were made at the time of delivery and he knew them to be true; that the coal was delivered in wheelbarrows from the scow to the steamer and he checked the wheelbarrows as they were delivered, or, at times when he was too busy, they were checked by someone else, but he always got a ticket signed by someone on the boat, the same as delivery tickets made for coal at a house, and that he had no independent recollection of the amount of coal delivered to the *Puritan* outside of what is stated in the books, but he knew he put it down there at the time and that it was true. The delivery tickets or receipts it was admitted had been turned over to counsel for the defendants and were lost. The witness was then permitted to read from the book the entries showing the dates and amounts of the deliveries. In this we think there was no error. *Diamond Glue Co.* v. *Wietzychowski,* 227 Ill. 338.

It is insisted that under the act of Congress of June 26, 1884, (chap. 121,) limiting the individual liability of a ship owner to the proportion of all debts and liabilities that his individual share of the vessel bears to the whole, the appellants were entitled to have the verdict divided so as to limit the individual liability of each of the appellants to the proportion of the whole debt which his individual share bears to the whole vessel. Such statute has, however, no application here, as the appellants are not charged with any liability as ship owners but only upon a personal contract.

Other objections to the admission of evidence and to the modification of one instruction offered by the appellants are not here considered, because they concerned only the alleged liability of the appellants under section 18 of the Incorporation act. Whether right or wrong, they could not have affected the verdict.

The judgment will be affirmed.    *Judgment affirmed.*