### The People for use of County of De Witt, Appellee, v. Joseph T. Maddox, Appellant.

1. EVIDENCE—*where witness may use writing to refresh recollection.* In an action by a county against a public officer for money retained as commissions, a deputy who kept the books is properly permitted to testify from a memoranda where he recognizes the figures as his own and states that it was a correct copy of the books when made and that he does not know where the original is though he has made a careful search for it.

2. EVIDENCE—*directing a verdict.* In an action by the county against its treasurer for fees which under the law should not have been withheld, there being no legal evidence for the defense, it is not error to direct a verdict for plaintiff.

3. COUNTIES—*county cannot collect from treasurer more than he is entitled to collect.* In an action by the county against its treasurer for commissions received from a drainage district, it cannot recover more than the treasurer was entitled to collect.

4. INTEREST—*when not awarded.* In an action by the county against its treasurer for commissions from drainage districts, where the parties have not held back the funds wilfully but have honestly sought to have their legal rights determined, interest is not charged in determining the judgment. *Certiorari* denied by Supreme Court (making opinion final).

Appeal from the Circuit Court of De Witt county; the HON. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed October 15, 1912.

JOHN FULLER and HERRICK & HERRICK, for appellant.

LEMON & LEMON and EDWARD J. SWEENEY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This case was before us at a former term, and the opinion therein contains a full statement and history of the case. The cause was remanded to the circuit court for error found in the record, and was again tried by the said court and a judgment rendered against the appellant in the sum of $800,000 in debt, and $1,825 in damages. Thereupon appellant prayed and was granted an appeal, and by this appeal the record is again brought before us.

Many errors are assigned as ground for reversal of the judgment. The most important, however, are those relating to the questions of fact, the action of the trial court in admitting evidence and in granting, at the close of all of the evidence, a peremptory instruction directing a verdict in favor of the appellee county.

Upon the trial of the case, it is complained, the court erred in admitting statements of the principal witness William Price, and particularly as to the admissibility of his evidence relating to exhibits 12 and 12½ and to their introduction in evidence. The rec-

ord discloses the fact that the witness William Price was the deputy treasurer and clerk of the appellant during his entire term in office, and that a part of his duties were to collect and keep a book account of the taxes and special assessments of the several drainage districts mentioned in this proceeding, and that as such officer he did collect and enter in the book all taxes, and special assessments as they became due and were paid, which book was furnished by the drainage commissioners, and also made reports to the drainage commissioners from time to time, setting out at length the receipts and disbursements, and in each instance making charges and taking credits for appellant, and as an item of credit in favor of appellant, two per cent. was charged against each respective district on the amount collected, as commissions; that each entry in the book was correct; that the book was in court at the former trial and that he had not seen it since then; that he had made diligent search for the book and was unable to find it. The witness was then presented with a memoranda which he identified as having been made by him at the request of someone connected with the case, which said memoranda was marked as "Plaintiff's Exhibit 12." The witness said that he recognized the writing and figures appearing upon the memoranda as having been made by himself, and that it was a correct copy of the book; that he knew it was correct when he made it; that he made and either gave or mailed annual reports to the said drainage commissioners; that the items in the reports were taken from the book and were correct; that he could not state from memory the items of the commissions retained by appellant, but that altogether they amounted to around the sum of $1,700, being a little more than that sum, but the odd dollars he could not remember. The memoranda marked "Plaintiff's Exhibit 12" is in the words and figures following:

| | | |
|---|---|---|
| " '03 & '04 .................Regular | | 351.71 |
| 05 ........................... | " | 342.86 |
| 06 ........................... | " | 26.20 |
| 1905 Latteral ................ | | 238.34 |
| 1906 Latteral ................ | | 705.98 |
| '05-'06 Clintonia ............. | | 211.45 |
| | | 1776.54 |

Nov. 7, '06        Nov 20/06"

We have carefully compared this memoranda with the reports, figures and evidence in the record, and find it to be strongly supported. The only variance that we are able to find is a difference of six cents in the amount opposite "05 Regular," which appears to be entered on one of the other instruments at $342.80, when it should be $342.86. This is most likely an error in transcribing, but is too small a matter to be worthy of consideration and in our calculations will consider it as given above.

The rule as to permitting a witness to assist his recollection by a memoranda, is laid down in Greenleaf on Evidence, vol. 1, sec. 437, and is as follows:

"Where the witness recollects having seen the writing before, and although he has now no independent recollection of the facts mentioned in it, yet he remembers that at the time he saw it he knew its contents to be correct," then, it would seem, he might use the memoranda to assist his recollection.

In Diamond Glue Co. v. Wietzychowski, 227 Ill. 338, the rule is announced, as follows: "Another condition under which a writing may be used is where the witness, after inspecting a writing, still has no independent recollection of the facts stated therein, but is able to state that he correctly reduced them to writing at the time of the occurrence or within such a time afterward that he had a perfect recollection of them." And in O. S. Richardson Fueling Co. v. Seymour, 235 Ill. 319, the court held as follows: In an action to recover the price of coal delivered to a steamer the delivery receipts for which had been

turned over to counsel for defendants and lost, the tug boat captain who delivered the coal was permitted to read from a book the entries showing dates and amounts of the deliveries, where he testified that the entries were made by him at the time of the delivery and that he knows them to be true, though he had no independent recollection of the amount of coal, outside of what was shown on his book.

It is clear from the authorities above cited, that the witness Price might properly have read from the memoranda made by him under the circumstances testified to by him.

Numerous objections were made to the witness Price being permitted to refresh his memory by reference to the memoranda during the course of his examination, but when the memoranda was marked "Plaintiff's Exhibit 12" and offered and received in evidence, at the close of the evidence of Mr. Price, we fail to find any objection offered thereto by the appellant. Whether this was an oversight we are unable to say. In order to receive the benefit of any error in that respect, it was necessary that an objection be made by appellant. Later in the trial, when Plaintiff's Exhibit 12 and 12½ were jointly offered in evidence, objection was made by appellant and overruled and exception noted. Exhibit 12 having been before that already received in evidence, without objection, to receive number 12 again, when coupled with number 12½ could not prejudice appellant so far as number 12 was concerned. Exhibit 12½ was a note of nine words in abbreviated form, which referred to the amount of drainage tax collected by appellant, the substance of which had been testified to orally by appellant and Mr. Price, and shown by reports made by appellant to the drainage commissioners. Under these circumstances, even conceding that Exhibit 12½ was erroneously admitted, we are at a loss to see how appellant was prejudiced thereby.

Upon this trial the appellant took the witness stand

and among other things testified that his salary had been fixed by the board of supervisors at $1,500 and his deputy hire at four hundred dollars and that both had been paid; that he had never turned over any of the commissions for collecting the drainage taxes, to the county, and that the amount of commissions received by him in the four years amounted to "about $1,700" or "maybe a little better than that;" that his deputy, Mr. Price, kept the books and made the reports to the drainage commissioners. All of the reports made to the drainage commissioners appear in the record in this case, except one. These reports accurately support the testimony of Mr. Price. It will also be remembered that Mr. Price and appellant, in their statements of the total amount of collections for commissions, placed the amount at about $1,700 or around that sum, a sum only slightly below the amount fixed in the judgment.

Under the law it was the duty of the treasurer to turn over to the appellee county all fees earned and collected in excess of his salary and deputy hire.

In our view the appellee should recover in this case, and a peremptory instruction to the jury in favor of the appellee was proper, because no legal evidence that could be considered as a defense was offered.

The question of the amount of the judgment is the only just cause of complaint in this record.

We make up the account as follows:

Total amount of commissions received by
  appellant, ............................ $1,776.48
Overcharge in fees in lateral district for
  1906 ................................    205.98

Leaving a balance due appellee of ...... $1,570.50

And for this sum a judgment should have been entered.

It will be seen that in making up this account we have eliminated $205.98. That amount being in excess

486     APPELLATE COURTS OF ILLINOIS.

Baber v. Cleveland, C., C. & St. L. Ry. Co., 176 Ill. App. 486.

of the fees provided by paragraph 148 of chapter 42 of Hurd's Revised Statute of 1911, regulating the amount that treasurers may receive from drainage districts as compensation, and fixing the sum at not exceeding five hundred dollars for any one drainage district for any one year. In the item of $705.98, reported as fees or commissions from taxes collected for one lateral district for the year 1906, being above the sum of five hundred dollars we have deducted the excess of $205.98, as the county, appellee, was not entitled to judgment for it.

In this character of proceeding, where the parties have not held back the funds wilfully but have honestly sought to have their legal rights determined, interest should not be charged, and for that reason we have eliminated the item of $48.52, interest, in our statement.

The judgment being excessive to the amount of $254.50, it will be affirmed at the cost of appellee on remittitur of that sum within ten days, otherwise it will be reversed and remanded because the judgment is for an excessive sum.

*Reversed and remanded.*