## RUDDICK *v.* HOLLOWELL ET AL.

[No. 10,080. Filed November 25, 1919.]

APPEAL.—*Continuance.—Denial.—Harmless Error.*—Error, if any, in denying a continuance to a party prayed for on the ground of inability to attend the trial on account of sickness, is harmless where the party appears and testifies on the second day of the trial and three of her witnesses appear the same day, though two of her witnesses had been examined the day previous, where it does not appear that her cause suffered because of her absence.

From Bartholomew Circuit Court; *John W. Donaker,* Judge.

Action between Ella Ruddick and Marcus Hollowell and others. From the judgment rendered, the former appeals. *Affirmed.*

*George A. Hoffman,* for appellant.
*Kollmeyer & Sharpnack,* for appellees.

McMahan, J.—This was an action for partition. An interlocutory order was entered and the commissioners' report filed.

Appellant, on June 3, 1916, filed exceptions to the report, and on September 8 she filed her amended exceptions, whereupon the hearing on her exceptions was set for September 13. When the cause was called for trial on September 13, appellant filed her verified motion for a continuance, which was overruled.

The only question involved in this appeal is, Was it reversible error for the court to overrule this motion? The appellant in her motion stated that she could not safely go to trial at the time on account of her inability to be present, that she was then in bed sick, and had been since the morning of the twelfth; that she desired to be present in order that she might aid and advise her counsel in the trial; that she had personally subpoenaed all of her witnesses and knew the facts about which they would testify; that she was more familiar with her witnesses and their testimony than her attorneys were, and that her presence at the trial was necessary to a full and fair trial of her cause; that her exceptions arose out of the value of the real estate partitioned and with which she had been familiar all her life; that she could not prove the facts with which she was familiar by any other witnesses so well as by herself; that said facts were true, and that the application was not made for delay. The motion was also supported by the affidavit of Dr. Banker, who stated that he had been in professional attendance upon appellant since the day before; that she was then confined to her bed and was suffering from physical weakness, extreme nervousness, pain in the back of her head and neck, and weak from congestion of the female organs and bladder, and was not then able to leave her bed and appear in court without greatly aggravating her illness and probably endangering her life.

The affidavit was clearly insufficient to authorize the court to grant a continuance on account of the absence of the appellant on the ground that she was a witness. We do not deem it necessary to determine whether the affidavit was sufficient to authorize a continuance on account of the absence of a party, or whether it was error for the court to overrule the same. The cause was submitted to the court for trial on September 13. Two of appellant's witnesses testified on that day. The next day appellant and three of her witnesses appeared and testified. The error, if any, in refusing the continuance was harmless, inasmuch as she was present and testified fully on the trial. *Pick* v. *Ketcham* (1874), 73 Ill. 366. While she was not present during the examination of two of her witnesses, it does not appear that her cause suffered because of such absence.

We need not cite any authorities in support of the proposition that, as a general rule, the granting of an application for a continuance is within the sound discretion of the trial court, and that the action of the court in overruling such an application will not be reversed, except where the record shows an abuse of judicial discretion to the disadvantage of the complaining party. If it appears from the evidence adduced at the trial that no injustice was done in overruling the motion for a continuance, such fact offers an additional reason why the judgment should not be disturbed. 6 R. C. L. 571.

Judgment affirmed.

Remy, J., did not participate.