(106 So. 734)

No. 27337.

## STATE v. BROWNFIELD.

(Nov. 30, 1925.　Rehearing Denied Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

**Holidays ⛛5—Failure to object to trial on legal holiday held to waive such objection.**

A defendant brought to trial on Confederate Memorial Day, designated as legal holiday by Act No. 6 of 1921 (Extra Sess.) by announcing himself ready for trial, and making no objection to being then tried on legal holiday, thereby waived objection, in view of Act No. 6 of 1904, § 1.

O'Niell, C. J., dissenting.

Appeal from Eighth Judicial District Court, Parish of Winn; F. E. Jones, Judge.

Joe Brownfield was convicted of selling intoxicating liquor for beverage purposes, and he appeals. Affirmed.

Clair H. McCain, of Colfax, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Harry Fuller, Dist. Atty., of Winnfield (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

OVERTON, J. Defendant was tried on the charge of unlawfully selling intoxicating liquor for beverage purposes, and was convicted on the charge. Immediately after the trial he filed a motion in arrest of judgment, based upon the ground that the trial was begun and closed, and the judgment of conviction rendered and entered on June 3, 1925, which is a legal holiday in this state, set aside by law as Confederate Memorial Day. The trial judge overruled the motion, for the reason, briefly stated, that defendant acquiesced in being tried on June 3, 1925, by announcing ready for trial on that day, when the case was called, and by raising no objection to being tried then until he was convicted, when he immediately took excep-

tions to the proceedings had by filing the motion in arrest of judgment.

Referring to the minutes of court to ascertain what they show relative to the matter under consideration, it appears that they disclose that on June 3, 1925, the day for which defendant's trial had been previously fixed, defendant, with his counsel, was present in open court; that both the state and defendant announced ready for trial; that the trial was proceeded with and closed on that day; that defendant was found guilty thereon; and that on the same day he filed the motion in arrest of judgment, which, as stated, was overruled.

The 3d day of June, 1925, the day on which defendant's trial was begun and closed, was a legal holiday, designated by law as Confederate Memorial Day. Act No. 6 of 1921 (Extra Sess.), p. 7.

Act No. 6 of 1921, cited above, may be said, as it were, to be supplemented by Act No. 6 of 1904. The act last cited, that is, the act of 1904, in the first section thereof, the second section being merely the repealing clause, provides that—

"Whenever [the] impaneling of a jury or the taking of evidence on the trial of any case, shall have been begun, but not concluded, at the time at which there shall intervene any legal holiday or legal half-holiday, it shall be lawful for the presiding judge, and within his discretion, to order said trial to be proceeded with upon said legal holiday, if not a Sunday or Christmas Day, or upon said legal half-holiday, and all proceedings thereafter had in the trial of said case shall have the same force and effect as though had on a day not a legal holiday or legal half-holiday."

This act, by implication, clearly contemplates that the trial of a case, treating the impaneling of a jury, where such impaneling is necessary, as a part of the trial, shall not be commenced, at least over the objection of one of the parties thereto, on any legal holiday whatsoever.

As defendant did not object to being tried on a legal holiday, when the case was called,

and even interposed, during the trial, no objection whatever based on that ground, the question is presented whether he may avail himself, for the first time, after conviction, of the fact that his trial was begun and closed on a dies non. This question involves the one whether an accused may waive the right of not being brought to trial on such a day.

In the case of State v. Duncan, 118 La. 702, 43 So. 283, 10 L. R. A. (N. S.) 791, 11 Ann. Cas. 557, two questions were presented. One of them was whether the day on which the accused was tried was a legal holiday. The second one was whether an accused could waive the right not to be tried on such a day, and, if so, could he waive it by his silence and inaction? The court decided both questions adversely to the defendant. In that case it was said:

"The proceedings on a statutory legal holiday are not necessarily null. They may be held on that day by consent. Besides, an accused may be concluded by his silence, if he chooses to remain silent when he is represented by counsel amply able to protect his rights."

And in that case the court held that an objection to being brought to trial on a legal holiday should not be postponed until after verdict, nor urged for the first time by a motion in arrest of judgment.

In State v. Foss, 158 La. 471, 104 So. 211, where the issue was whether the accused, after requesting that the proceedings in his case be continued during the early hours of a Sunday morning, could take advantage, by motion in arrest of judgment, of the fact that they had been so continued, it was held that he could not. The court, in the course of its opinion, cited approvingly the foregoing excerpt, quoted herein from the Duncan Case, and also quoted approvingly, in the course of its reasoning, from Bishop's New Criminal Procedure, vol. 1, § 117, as follows:

"In natural reason one should not complain of a thing done with his consent. And the law, in all its departments, follows this principle.
"If, except where some counter doctrine presses with a superior force forbidding, a party has requested, or consented to any step taken in the proceedings, or if at the time for him to object thereto he did not, he cannot afterward complain of it, however contrary it was to his constitutional, statutory, or common-law rights."

And in that case the court held that there is no legal principle which forbids an accused party from consenting to have his case argued, submitted, and determined on Sunday or a statutory legal holiday.

It is true that in the case of State v. Rogers, 150 La. 1080, 91 So. 518, it appears that the trial of the defendant was commenced and completed on a legal holiday, the day being Christopher Columbus Day, and that the court there held that, for that reason, the proceedings were null and void. But, as observed in the Foss Case, cited supra, there was no question of waiver raised or discussed in that case, and hence, in our view, it should not be regarded as precedent herein.

The defendant in the case at bar had knowledge of the fact that he was being brought to trial on a legal holiday. The judge, in his per curiam, states that, immediately after defendant had been found guilty, his counsel withdrew from his pocket a motion in arrest of judgment and filed it, thus showing that the motion had been prepared in anticipation of what might be the result of the trial. Defendant had the right to object to being put upon his trial on a dies non, but he had no right to announce ready for trial on such a day, and then, after verdict, object to the legality of the proceedings had on the ground stated. By his failure to timely object, he waived, which was within his province, the fact that the day was a legal holiday.

Our conclusion is that the motion was properly overruled.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., dissents.