FREIMANN *v.* GALLMEIER

[No. 17,385. Filed October 22, 1945.]

*James J. Clark,* of Fort Wayne, for appellant.

*L. H. Dunten* and *James P. Murphey,* both of Fort Wayne, for appellee.

HAMILTON, J.—This is an action in ejectment by appellee against the appellant to recover the immediate possession of certain real estate situated in the City of Fort Wayne, Allen County, Indiana, and for damages for the wrongful withholding thereof, instituted pursuant to §§ 3-1304 to 3-1306, inclusive, Burns' 1933, §§ 944 to 946, inclusive, Baldwin's 1934.

The complaint was filed in the Superior Court of Allen County, Indiana, on December 1, 1944. December 21, 1944, the defendant (appellant) filed her answer in three rhetorical paragraphs to the complaint, thereby closing the issues. December 15, 1944, the cause was set for trial on December 28, 1944. Thereafter, upon the defendant's motion, the trial was continued. January 16, 1945, the defendant filed her affidavit and motion for a change of venue from Allen County, Indiana, which motion was granted, and on January 22, 1945, the venue of said cause was changed to the Circuit Court of Huntington County, Indiana. The transcript upon change of venue was filed in the office of the Clerk of the Huntington Circuit Court on January 23, 1945. January 26, 1945, the Huntington Circuit Court set said cause for trial on February 12, 1945. February 7, 1945, the defendant filed her verified motion to strike from the docket the setting of the cause for trial on February 12, 1945,

which motion; omitting caption and signature, reads as follows:

"Comes now the defendant in the above entitled cause, and moves the court to strike from its docket the setting of said cause for trial on the 12th day of February, 1945, and files memorandum and affidavit in support thereof, and requests oral argument thereon.

"Memorandum In Support Of Motion To Strike Trial Setting.

"1. Cause was not called for issues on the second day of the term of Court subsequent to filing of transcript.

"2. Cause was not set for 'trial at such term for issues' in the order of its setting on the docket.

"3. Numerous other cases pending and undisposed of in the Huntington Circuit Court precede this cause of action in their order on the docket.

"4. Cause was not set down for trial pursuant to any action of the Clerk of the Court, in the making of an issue docket, docketing this cause for trial previous to the first day of the next term of Court, in its proper order.

"5. Cause was not set for trial on the docket in the manner provided by law.

"6. Plaintiff has made no showing to the Court why this cause should be set for trial, out of its proper order, and in a manner otherwise than that provided by law.

"7. The setting of said cause was not made pursuant to agreement of the parties.

"8. Cause was not set for trial on the docket in the manner provided by the Rules of this Court.

"9. Cause was not placed on 'trial list.'

"10. Cause was not assigned for trial in substantially the order of trial list.

"11. Plaintiff has made no showing that cause should be given priority of trial, over cases on trial list.

"12. Cause is set for trial on a legal holiday."

Thereafter, on February 9, 1945, a hearing was had on said motion, and the motion was overruled. Thereupon, on the same date, the defendant filed her verified motion for a continuance of the trial of said cause from February 12, 1945. This motion was based upon the illness of the defendant and her inability to personally attend the trial of said cause and was supported by the affidavit of her attending physician. The motion and affidavit for a continuance also included as a ground therefor the absence of a material witness. The record discloses the following entry with reference to the ruling upon said motion for a continuance, to wit:

"The plaintiff herein admits in open court that the witness, Frank Freimann would, if present at the trial of this cause, testify to the facts alleged and stated in defendant's affidavit with respect to the testimony of said witness, reserving, however, the right to object to the competency of said facts.

"Arguments of counsel are now heard and the counsel for the defendant states to the Court in his argument that the plaintiff herein is entitled to possession. Defendant's motion for a continuance is now overruled by the Court, to which ruling of the Court the defendant herein excepts."

The cause was submitted for trial to the court on February 12, 1945, resulting in a finding and judgment in favor of the plaintiff and against the defendant; that plaintiff was entitled to the immediate possession of the real estate involved and further entitled to recover of and from the defendant the sum of $177.14 for the wrongful detention of said premises. A motion for a new trial was filed on the same date and overruled and this appeal prayed and perfected.

The motion for a new trial contains three assignments or grounds, to wit; (1) The court erred in refusing

to strike from the docket the setting of the cause for trial on the 12th day of February, 1945, for the reasons set forth and contained in the motion heretofore set forth; (2) the court erred in refusing to grant appellant a continuance of the trial of said cause upon the verified motion of the defendant, supported by the affidavit of her attending physician; and (3) that the finding and decision of the court is contrary to law.

The sole error assigned in this court is the overruling of appellant's motion for a new trial.

Referring to appellant's motion to strike the trial setting of said cause in the Huntington Circuit Court, it will be noted that specifications 1 to 11 thereof, inclusive, are based upon the provisions of §§ 2-1101, 2-1103, and 2-1906, Burns' 1933, §§ 177, 179, and 323, Baldwin's 1934. The language contained in § 2-1101, Burns' 1933, § 177, Baldwin's 1934, upon which appellant relies, reads as follows:

"On the second and each succeeding day of the term, the court shall call as many of the causes which stand for trial at such term, for issues, as the business of the court will permit; the court shall call the causes in the order they stand on the docket, . . ."

§ 2-1103, Burns' 1933, § 179, Baldwin's 1934, provides:

"The clerk shall keep an entry-docket, wherein he shall enter all actions in the order in which they are brought, and the date of issuing the process, and the date of the judgment. Within three (3) weeks after the adjournment of the court, he shall make out an issue-docket of all actions then pending, and shall docket therein all cases which may be commenced previous to the first day of the next term, in their order, and furnish a copy of the same for the use of the court."

Appellant contends that the above sections of the statute are mandatory and that the trial court had no discretion in the matter of setting cases for trial and cites in support of said contention: *Fitch* v. *Citizens National Bank of Greensburgh* (1884), 97 Ind. 211; and *French* v. *Howard* (1860), 14 Ind. 455.

We are unable to agree with appellant as to the effect of the holding of the Supreme Court in the case of *Fitch* v. *Citizens National Bank of Greensburgh, supra.* On page 215 of 97 Ind. the Supreme Court says: "Section 518" (§ 2-1902, Burns' 1933) "provides that the trial in each action shall be in the order in which it stands upon the docket, unless the court, for good cause shown, shall direct otherwise. This is the same as section 321, code of 1852. 2 R. S. 1876, p. 164. *The holding under that section has been that the court has some discretion in the matter of taking up causes* (our italics), and that this court will presume, the contrary not appearing, that good ground for the action of the court existed." *French* v. *Howard, supra; Bradley* v. *Bradley* (1873), 45 Ind. 67, 70. In addition to the foregoing authorities and statutes, we call attention to § 2-1106, Burns' 1933, § 182, Baldwin's 1934, which provides:

> "The circuit judges of this state shall have power, and it is hereby made their duty, by proper order, to arrange and regulate the order of business in their respective circuits; and, in making such order, they shall provide: . . .
> "Third. For the trial of civil cases."

§ 2-1902, Burns' 1933, § 325, Baldwin's 1934, referred to in the Fitch case, *supra,* reads:

> "The trial in each action shall be in the order in which it stands upon the docket, unless the court, for good cause shown, shall direct otherwise."

We are of the opinion that the provisions of § 2-1101, *supra,* must be construed in *pari materia* with §§ 2-1106 and 2-1902, *supra,* and, when so construed, the ▪ language contained in § 2-1101, *supra,* is directory and not mandatory as contended by the appellant. *French and Another* v. *Howard, supra; Fitch* v. *Citizens National Bank of Greensburgh, supra; Bradley* v. *Bradley, supra; The People* v. *Humbracht* (1919), 215 Ill. App. 29, 34; *Richardson Fueling Co.* v. *Seymour* (1908), 235 Ill. 319, 85 N. E. 496; *Staunton Coal Co.* v. *Menk* (1902), 197 Ill. 369, 64 N. E. 278.

§ 2-1906, Burns' 1933, § 323, Baldwin's 1934, reads as follows:

> "All proceedings and all actions, civil or criminal, taken or removed by appeal, change of venue, or in any other manner to any circuit, criminal or superior court shall, if the papers or transcript in said proceedings or action are filed in vacation in the office of the clerk of said court, stand for issue and trial at the first term of said court thereafter. And if the papers or transcript in said proceedings or action are filed in said court, or the office of the clerk thereof, during term time of said court, the same shall stand for issue and trial at said term after the expiration of ten (10) days from the day the same were filed."

As heretofore stated, the issues in the instant cause were closed in the Superior Court of Allen County. Therefore, being at issue, it was not necessary ▪ for the Huntington Circuit Court to call said cause before the trial date thereof. *Norris* v. *Dodge's Administrator* (1864), 23 Ind. 190. It affirmatively appears from the record that the cause was placed upon the docket of the Huntington Circuit Court on January 23, 1945 (which we know judicially was during

the January term, 1945, of said court) and was set for trial in said court February 12, 1945, and appellant timely notified of such setting. The trial date, February 12, 1945, was more than 10 days after the day the transcript was filed and said cause docketed in the Huntington Circuit Court. Therefore, we hold that the setting of said cause for trial in the Huntington Circuit Court was in compliance with the provisions of § 2-1906, *supra.*

. The last assignment of the motion to strike the setting of the trial from February 12, 1945, was because said cause was set for trial on a legal holiday, ■ viz.: Lincoln's Birthday. § 19-1916, Burns' 1933, § 9259, Baldwin's 1934, provides in part:

"The first day of the week, commonly called Sunday; . . . the twelfth day of February, commonly called Lincoln's Birthday; . . . shall be legal holidays within the state of Indiana for all purposes.
. . ."

Assuming, without deciding, that the action of the court in setting said cause for trial and holding the trial on a legal holiday was irregular, and perhaps erroneous, it is conceded by appellant that the judgment rendered on February 12, 1945, is not null and void, but merely irregular and at the most voidable. See *State* v. *Brownfield* (1926), 160 La. 171, 106 So. 734; *State* v. *Superior* (1908), 49 Wash. 1, 94 P. 665; *State* v. *Duncan* (1907), 118 La. 702, 43 So. 283; *State* v. *Foss* (1925), 158 La. 471, 104 So. 211; *Bowser* v. *Tobin* (1939), 215 Ind. 99, 18 N. E. (2d) 773.

In view of the admissions made by appellant, hereinafter referred to, we conclude that the holding of the trial of said cause on Lincoln's Birthday, February 12, 1945, is not sufficient in and of itself to justify a reversal of this cause.

A more serious question is presented by the ruling of the court in denying appellant's motion for a continuance based upon her physical illness and her inability to attend the trial of said cause, which is supported by the affidavit of her attending physician. Citation of authority is not required to sustain the proposition that a party to an action is entitled to be personally present in court when a trial is held in which he, or she, is a party of record. However, this rule is qualified by the further well-settled rule that a motion for a continuance is addressed to the sound discretion of the trial court, and that the court's action in denying an application for continuance does not constitute reversible error, where the record affirmatively shows no abuse of such discretion or that a party litigant has not been deprived of any substantial right by the refusal of the trial court to grant a continuance. *Ruddick* v. *Hollowell* (1919), 71 Ind. App. 442, 125 N. E. 82; *Louisville, etc., Traction Co.* v. *Montgomery* (1917), 186 Ind. 384, 115 N. E. 673; *Sager* v. *Moltz* (1923), 80 Ind. App. 122, 139 N. E. 687.

Referring to the record as heretofore set forth, we find that on February 9, 1945, upon the argument of the appellant's motion for a continuance, the following fact is disclosed, to wit:

"Arguments of counsel are now heard and the counsel for the defendant states to the Court in his argument that the plaintiff herein is entitled to possession. Defendant's motion for a continuance is now overruled by the Court."

Again, in appellant's reply brief, filed in this court, we find the following:

"True, as appellants counsel acknowledged in response to a direct question of the Trial Court, appellee is 'entitled to possession.' The question

is when? Not before a proper judicial tribunal, following the procedure outlined by the Statutes of Indiana, has *lawfully* and *properly* so declared."

By the enactment of §§ 3-1304, *et seq., supra,* the legislature intended to provide a legal, efficient, and speedy method whereby a landlord could obtain immediate possession of his real estate from a tenant who failed, neglected, or refused to vacate at the expiration of his tenancy. Appellee has diligently pursued the remedy provided by the legislature in the instant case, and a court of competent and proper jurisdiction, after a trial, has rendered a judgment in favor of appellee and to the effect that she is entitled to the immediate possession of her real estate, which appellant is withholding wrongfully and unlawfully. In view of the facts disclosed by·the record in this case and the admissions heretofore quoted, we hold that the following provisions of thè Indiana statutes are applicable, namely: § 2-1071, Burns' 1933, § 175, Baldwin's 1934, providing:

"The court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment can be reversed or affected by reason of such error or defect."

Also, § 2-3231, Burns' 1933, § 505, Baldwin's 1934, which reads in part as follows:

". . . nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

After a careful examination of the record, we are convinced that the merits of this cause were fairly tried and determined and that appellant has failed to estab-

lish that she has been deprived of any substantial right, or injured, by any ruling of the trial court of which complaint is now made.

Therefore, the judgment of the lower court is hereby affirmed.

NOTE.—Reported in 63 N. E. (2d) 150.